2000 ME 8

**Maynard SAUCIER**

v.

**STATE TAX ASSESSOR**

Supreme Judicial Court of Maine.

Argued Nov. 3, 1999.
Decided Jan. 21, 2000.

Wiliam J. Smith (orally), Van Buren, for plaintiff.

Andrew Ketterer, Attorney General, Stanley W. Piecuch, Asst. Attorney General (orally), Augusta, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Maynard Saucier appeals from a summary judgment entered in the Superior Court (Aroostook County, *Atwood, J.*) in favor of the State Tax Assessor. Saucier contends that judgment was improperly entered because there was a genuine issue of material fact regarding the amount of sales taxes Saucier owed the State, and that the Assessor was barred from proceeding against Saucier because the State had already elected to file its claim against Saucier's bankruptcy estate. In addition, Saucier contends that the decision must be vacated because the court erred when it failed to modify the Assessor's decision regarding penalties owed. We agree with Saucier only as to the penalties. Accordingly, we modify the judgment to eliminate the penalties, and affirm the modified judgment.

[¶ 2] Saucier has been a businessman in Fort Kent, operating a number of small businesses over the years. In 1991, he purchased a thirty-seven per cent share in W.J. Ouellette, Inc. and began to actively participate in running the business. The only other shareholder was Bruce Freeman, who held the majority of shares. Freeman was president and secretary of the business, while Saucier was vice president and treasurer. Despite Saucier's efforts to rehabilitate it, the business was in financial trouble. Saucier personally guaranteed loans for Ouellette and made further loans and purchased equipment with his own funds. Saucier became aware that there were unpaid taxes beginning in 1992, and when the IRS placed a lien on Saucier's residence, Saucier began to insist that Freeman make payments on the back taxes with Freeman's own funds. By 1994, it was apparent that the business was going to fail. For January through May of 1994, the period at issue in this case, no state sales taxes were paid. The State Tax Assessor issued an assessment of these taxes and corresponding interest and penalties against Saucier as a "responsible individual." *See* 36 M.R.S.A. § 177(2) (Supp.1999). Saucier's request for reconsideration of this assessment was denied. In the meantime, Freeman settled for $7,226.80, an assessment against him for taxes owed that purported to include all taxes owed by him between November of 1987 and May of 1994.

[¶ 3] Saucier petitioned for review of the assessment in the Superior Court. *See* 36 M.R.S.A. § 151 (Supp.1999). Several months later, he filed for bankruptcy protection in the United States Bankruptcy Court. Because the case was stayed by such filing, we vacated a Superior Court judgment dismissing Saucier's complaint. *See Saucier v. State Tax Assessor,* 1998 ME 61, ¶ 7, 708 A.2d 281, 283. On remand and following discovery, the court granted the Assessor's motion for a summary judgment. The trial court found that the only evidence supporting Saucier's position that a portion of the Freeman settlement should be applied to offset his liability was the settlement agreement, which purported to absolve Freeman from liability for taxes owed through May of 1994. The court concluded, however, that the agreement was simply evidence that Freeman was no longer personally liable for the taxes, not that the 1994 taxes had been paid, either in whole or in part. The trial court also held that the Assessor's claim against Saucier is not barred merely because the Assessor had filed a proof of

claim in the Bankruptcy Court.[1] Finally, the court noted that the parties agreed that Saucier's discharge in the Bankruptcy Court relieved him of debts for *penalties* for nonpayment of taxes. The judgment entered by the court, however, failed to relieve Saucier from the assessment of penalties. This appeal by Saucier followed.

## I.

[¶ 4] Saucier contends that there exists a genuine issue of material fact regarding the amount he owes the Assessor. In general, "a party is entitled to a summary judgment if there is no genuine issue of material fact and that party is entitled to a judgment as a matter of law." *Chadwick–BaRoss, Inc. v. T. Buck Constr., Inc.,* 627 A.2d 532, 534 (Me.1993) (citing M.R. Civ. P. 56(c)).

[¶ 5] In considering a motion for summary judgment, "the court is to consider only the portions of the record referred to, and the material facts set forth, in the [M.R. Civ. P.] 7(d) statements." *See Gerrity Co. v. Lake Arrowhead Corp.,* 609 A.2d 293, 295 (Me.1992) (quoting M.R. Civ. P. 56(c) advisory committee's note to 1990 amend., Me. Rptr., 563–575 A.2d LXXIII). Where a party opposing a motion for summary judgment fails to file a statement of material facts in dispute with citations to the record in accordance with Rule 7(d)(2), "all facts alleged in the moving party's statement of undisputed facts are deemed admitted." *See Biette v. Scott Dugas Trucking & Excavating, Inc.,* 676 A.2d 490, 494 (Me.1996) (citing *Guiggey v. Bombardier,* 615 A.2d 1169, 1171 (Me.1992)). We have recently ruled that the party opposing summary judgment must specifically rebut the movant's statement of material facts. *See Prescott v. State Tax Assessor,* 1998 ME 250, ¶ 6, 721 A.2d 169, 172. When the nonmoving party fails to so rebut the movant's statement, the facts averred in that statement are deemed admitted. *See id.*

[¶ 6] Saucier's statement of material facts fails to rebut the facts asserted by the Assessor as to the amount of taxes Saucier owes, pursuant to 36 M.R.S.A. § 177(2), as a responsible individual. Accordingly, the Assessor's statement of material facts must be taken as admitted. Saucier does not contend that the taxes were not properly assessed against him. Rather, his claim is that he is entitled to offset against the taxes owed for the period of January through May of 1994:(1) all overpayments that were made prior to that period; and (2) the amount of taxes reflected in the Assessor's settlement with Freeman. Saucier's claim of overpayment is not supported by the evidence. Saucier relies on the deposition of Freeman, along with accompanying affidavits, to contend that there should be a credit balance for certain payment periods prior to 1994, and that Saucier should be entitled to apply those overpayments to the taxes assessed against him for 1994. Even if Saucier were entitled to claim such a credit for overpayments, the evidence fails to show that taxes in fact were overpaid. As to the settlement the Assessor made with Freeman, the record is clear that the Assessor applied the money paid pursuant to the Freeman settlement to taxes owed *prior* to January of 1994. Although the settlement agreement made by the Assessor with Freeman purports to absolve Freeman personally for debts through May of 1994, that does not alter the fact that the tax money Freeman paid was all applied to pre–1994 taxes. The court did not err in finding there was no genuine issue of material fact regarding the amount Saucier owed as a responsible individual.

## II.

[¶ 7] Saucier also contends that the doctrine of election of remedies applies to bar the Assessor from collecting the debt from

---

1. Saucier filed a statement in the Bankruptcy Court stating that his bankruptcy estate had

$41,000 worth of real property for distribution to creditors.

him personally because the Assessor has already elected to pursue payment of the debt against Saucier's bankruptcy estate. We disagree.

 [¶ 8] Under the election of remedies doctrine, one cannot simultaneously "utiliz[e] ... two inconsistent and repugnant positions to seek redress." *Brickyard Assocs. v. Auburn Venture Partners*, 626 A.2d 930, 935 (Me.1993) (citing *State Dev. Office v. State Employees Appeals Bd.*, 363 A.2d 688, 692 (Me.1976)). The doctrine applies, however, only after a plaintiff has obtained a viable judgment on one of the claims. *See Murray v. City of Augusta*, 394 A.2d 1171, 1173 (Me.1978) (citing *United States v. Oregon Lumber Co.*, 260 U.S. 290, 43 S.Ct. 100, 67 L.Ed. 261 (1922)), *quoted in Brickyard Assocs.*, 626 A.2d at 935.

 [¶ 9] The trial court correctly determined that the election of remedies doctrine did not bar the Assessor's pursuit of Saucier personally. The Assessor's claim against Saucier's bankruptcy estate has not been successful. There is no enforceable judgment against the bankruptcy estate, and the debt has not been satisfied. Until that debt is satisfied, the Assessor may pursue both remedies. Accordingly, the Assessor's filing of a proof of claim in the Bankruptcy Court does not bar his pursuit of Saucier personally.

### III.

 [¶ 10] In its order on the Assessor's motion for summary judgment, the trial court noted that the Assessor had waived any pursuit of Saucier for penalties for nonpayment of taxes because such penalties were discharged in bankruptcy. The parties agree that the court's judgment reflects an oversight in that it failed to modify the Assessor's decision to reflect the elimination of penalties. Accordingly, we will modify the judgment to eliminate,

penalties. We decline, however, Saucier's request that we vacate the entire judgment based on this error.

The entry is:

Judgment of the Superior Court is modified to eliminate penalties assessed against Saucier, and as modified, is affirmed.