STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-644

NM-Cum-5/8/2000

UNIVERSITY OF NEW
ENGLAND,

     Plaintiff

vs.

                                 ORDER ON PLAINTIFF'S
                                 MOTION FOR SUMMARY
HARVEY WEINSTEIN,                JUDGMENT

     Defendant

The plaintiff seeks a summary judgment on its complaint in the amount of $6298.06 plus reasonable attorneys' fees. For the following reasons, the motion is granted in part and denied in part.

The plaintiff's statement of undisputed material facts provides that the defendant has defaulted on two promissory notes payable to the plaintiff. The amount due totals $6298.06. The defendant has failed to rebut the facts asserted by the plaintiff regarding default on the notes and the amounts due. See Saucier v. State Tax Assessor, 2000 ME 8, ¶¶ 5-6, 745 A.2d 972, 974; Pl.'s SUMF, ¶¶ 1-5; Def.'s SDMF, ¶¶ 1-10.

The plaintiff alleges that the defendant "agreed to pay reasonable attorney's fees in the event of default." See Pl.'s SUMF, ¶ 6. The plaintiff seeks an amount for attorney's fees that the court "determines to be both reasonable and necessary." See id. The plaintiff's attorney's affidavit regarding attorney's fees is not referenced in the plaintiff's statement of facts. The affidavit provides that six hours have been

spent on the case and based on experience, another six hours will be necessary. The attorney's hourly rate is $140.00.

The defendant has not challenged the plaintiff's statement of facts and has not rebutted the asserted facts regarding the plaintiff's entitlement to a reasonable attorney's fee. The court has considered the attorney's affidavit and concludes that it is not sufficient to establish a reasonable fee for this case. See Bennett v. Tracy, 1999 ME 165, ¶ 13, 740 A.2d 571, 574; Biette v. Scott Dugas Trucking and Excavating, Inc., 676 A.2d 490, 495-96 (Me. 1996); M.R. Civ. P. 7(d) & 56(c) & 54(b)(3).

The entry is

The Plaintiff's Motion for Summary Judgment is GRANTED on Counts I and II of the Plaintiff's Complaint. Judgment is entered in favor of the Plaintiff and against the Defendant in the amount of $6298.06 plus interest and costs.

The Plaintiff's Motion for Summary Judgment is GRANTED on Count III of the Plaintiff's Complaint as follows: the Plaintiff is entitled to be paid a reasonable attorney's fee by the Defendant. The Plaintiff's Motion for Summary Judgment on Count III of the Plaintiff's Complaint with regard to the amount of the attorney's fee is DENIED.

Dated: May 6, 2000

Nancy Mills
Justice, Superior Court

2

Date Filed 11-08-99      CUMBERLAND      Docket No. CV 99-644

County

Action REMOVAL FROM DISTRICT COURT - CONTRACT



UNIVERSITY OF NEW ENGLAND        HARVEY WEINSTEIN

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| KENNETH E. KIMMEL ESQ 985-4160 | HARVEY WEINSTEIN - PRO SE |
| 62 PORTLAND RD. | 79 CALEB ST. |
| KENNEBUNK, ME 04043 | PORTLAND ME 04102 |
| TERESE L. FITZPATRICK, ESQ.,(CO-COUNSEL) | |

Jon A. Haddow, Esq.
61 Main Street, Suite 1
P.O. Box 738
Bangor, Maine 04402-0738
THOMAS MARJERISON ESQ
PO BOX 4600, Portland 04112

DONALD L. GARBRECHT
LAW LIBRARY

MAY 24 2000

| Date of Entry | |
|---|---|
| 1999 Nov. 09 | Received 11-08-99: Defendant's Notice of Removal to Superior Court filed. All paper work received from 9th District Court, Division of Southern Cumberland (POR CV 99-1023). |
| " " | |
| Nov. 22 | Received 11.22.99: Appearance of Attorney Terese L. Fitzpatrick, Esq., as co-counsel with Kenneth E. Kimmel, Esq., on behalf of University of New England filed. |
| " " | Plaintiff's answer to counterclaim filed. |
| Nov. 24 | Received 11/23/99: Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Motion for Summary Judgment filed. |
| Nov. 29 | Received 11/29/99: Scheduling Order filed. (Mills, J.) The entry will be: "Scheduling Order filed. Discovery deadline is 08/01/00. On 11/30/99 copy mailed to Kenneth Kimmel, Esq. and Harry Weinstein, |
| Dec. 01 | Received 11.30.99: Plaintiff's objection to defendant's motion for enlargement of time filed. |
| Dec. 09 | Received 12/08/99: Defendant's Motion for Enlargement of Time for Discovery filed. |
| Dec. 10 | Received 12/09/99: Request for a Hearing on Defendant's Motion for Enlargement of Time for Discovery filed. |
| " " " " | Certificate of Service filed. |
| " " " " | Request for a Hearing on Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Motion for Summary Judgment filed. |

STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, ss
CLERK'S OFFICE

Oct 16  4 19 PM '00

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-644
NM -Cum - 10/16/2000

UNIVERSITY OF NEW
ENGLAND,

Plaintiff

vs.

HARVEY WEINSTEIN,

Defendant

ORDER ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

The plaintiff seeks a summary judgment on the defendant's counterclaim filed 11/4/99[1]. For the following reasons, the motion is granted.

In support of its motion for summary judgment, the plaintiff filed a three-page, 23-paragraph statement of undisputed material facts. See M.R. Civ. P. 7(d)(1). In response, the defendant filed a 68-paragraph, 54-page statement of disputed material facts. See M.R. Civ. P. 7(d)(2) ("[A] separate, short and concise statement of the material facts, supported by appropriate record references, as to which it is contended that there exists a genuine issue to be tried."). The defendant's statement of facts is supported, in part, by the defendant's affidavit, which does not comply with the requirements of Rule 56. See M.R. Civ. P. 56(e). The granting of defendant's motion to amend the jurat in his affidavit, filed after the plaintiff's reply memorandum, would not solve the many objectionable parts of his affidavit. Finally, because the defendant does not specifically rebut the plaintiff's statement of

---

[1] The defendant filed a 73-page counterclaim on 3/29/00. No motion to amend the counterclaim was filed and there was no written consent of the plaintiff. See M.R. Civ. P. 15(a).

material facts, the plaintiff's facts are deemed admitted.  See <u>Saucier v. State Tax</u>

<u>Assessor,</u> 2000 ME 8, ¶ 5, 745 A.2d 972, 974.

Based on this record, there is no genuine issue of material fact to be tried

regarding any breach of contract, wrongful dismissal, or due process violation on the

part of the plaintiff.

The entry is

> The Plaintiff's Motion for Summary Judgment on the
> Defendant's Counterclaim is GRANTED.  Judgment is
> entered in favor of the Plaintiff and against the Defendant
> on the Defendant's Counterclaim.

Date:  October 16, 2000

Nancy Mills
Justice, Superior Court

2

Date Filed __11-08-99__    ____CUMBERLAND____    Docket No. ___CV 99-644___
                                    County

Action __REMOVAL FROM DISTRICT COURT - CONTRACT__



       UNIVERSITY OF NEW ENGLAND                    HARVEY   WEINSTEIN

                                       vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~KENNETH E. KIMMEL ESQ 985-~~4160<br>62 PORTLAND RD.<br>KENNEBUNK, ME 04043<br>~~TERESE L. FITZPATRICK, ESQ.,~~ (CO-COUNSEL)<br><br>Jon A. Haddow, Esq.<br>61 Main Street, Suite 1<br>     P.O. Box 738<br>     Bangor, Maine 04402-0738<br>      ~~THOMAS MARJERISON ESQ~~<br>      ~~PO BOX 4600, Portland 04112~~ | HARVEY WEINSTEIN  - PRO SE<br> 79 CALEB ST.<br> PORTLAND ME  04102<br> 773-2135 DONALD L. GARBRECHT<br>LAW LIBRARY<br><br>OCT 31 2000 |

| Date of<br>Entry | |
|---|---|
| 1999<br>Nov. 09 | Received 11-08-99:<br>Defendant's Notice of Removal to Superior Court filed.<br>All paper work received from 9th District Court, Division of Southern<br>Cumberland (POR CV 99-1023). |
| "    " | |
| Nov. 22 | Received 11.22.99:<br>Appearance of Attorney Terese L. Fitzpatrick, Esq., as co-counsel<br>with Kenneth E. Kimmel, Esq., on behalf of University of New England<br>filed. |
| "" | Plaintiff's answer to counterclaim filed. |
| Nov. 24 | Received 11/23/99:<br>Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Motion for Summary<br>Judgment filed. |
| Nov. 29 | Received 11/29/99:<br>Scheduling Order filed.  (Mills, J.)<br>The entry will be:  "Scheduling Order filed.  Discovery deadline is<br>08/01/00.<br>On 11/30/99 copy mailed to Kenneth Kimmel, Esq. and Harry Weinstein, |
| Dec. 01 | Received 11.30.99:<br>Plaintiff's objection to defendant's motion for enlargement of time filed. |
| Dec. 09 | Received 12/08/99:<br>Defendant's Motion for Enlargement of Time for Discovery filed. |
| Dec. 10 | Received 12/09/99:<br>Request for a Hearing on Defendant's Motion for Enlargement of Time for Discovery filed.<br>Certificate of Service filed. |
| '"'    '"' | Request for a Hearing on Defendant's Motion for Enlargement of Time to Respond to Plaintiff's<br>Motion for Summary Judgment filed. |