STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CLERK'S OFFICE

NOV 7  2 55 PM '00

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-737
*NM - CUM - IV7/2006*

NOV 14 200

NATIONS TITLE INSURANCE
OF NEW YORK, INC.,

   Plaintiff

  vs.

PATRICK E. HUNT and
PATRICK E. HUNT, P.A.,

   Defendants

ORDER ON DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

   Defendants seek a summary judgment[1] on the plaintiff's complaint and argue that the complaint is barred by the statute of limitations, the complaint is barred pursuant to the election of remedies or judicial estoppel doctrine, and the plaintiff is not entitled to any damages in excess of the amount paid in the 1995 declaratory judgment case. For the following reasons, the motion is denied.

STATUTE OF LIMITATION

   Defendant Hunt was a title agent for the plaintiff and its predecessors and was authorized under the Agency Agreement to issue title insurance policies for the plaintiff. Defs.' SUMF, ¶ 5. On June 4, 1992, defendant Hunt wrote to Richard LeDuc and stated that "it is my view that the purchaser of this lot has a perpetual right to use the so-called Stubbs Road and that person can install and maintain utility services on the southerly boundary of the road . . . . " Defs.' SUMF, ¶ 14. In

---

[1] The court notes that the use of footnotes in the parties' statements of fact is fundamentally contrary to the rationale underlying a motion for summary judgment. See, e.g., Saucier v. State Tax Assessor, 2000 ME 8, ¶5, 745 A.2d 972, 974; M.R. Civ. P. 7(d). The footnotes have not been considered.

July, 1992, defendant Patrick Hunt prepared and signed a New York TRW Title Insurance, Inc. owner's policy, effective July 21, 1992, and issued the policy to Richard and Caroline LeDuc. Defs.' SUMF, ¶¶ 9, 11.

In May, 1993, adjoining landowners blocked the LeDucs' access to the Stubbs Road. Defs.' SUMF, ¶ 21. On September 13, 1993, Richard LeDuc received a letter from the Town of Sherman, which notified him that it was the Town's position that the road was not a public easement. Defs.' SUMF, ¶ 22. In 1995, the plaintiff brought a complaint for declaratory judgment on behalf of Richard LeDuc regarding the legal status of the Stubbs Road. The case was settled. Defs.' SUMF, ¶ 26; Pl.'s SDMF, ¶ 26. The complaint in this case was filed on 12/23/99. Defs.' SUMF, ¶ 32.

Any action by the plaintiff regarding the issuance of the policy is barred by the statute of limitation.[2] See 14 M.R.S.A. § 753-A (Supp. 1999). An action based on the negligent rendering of a real estate title opinion starts to run from the date of the discovery of the negligence. See 14 M.R.S.A. § 753-A(A) (Supp. 1999); Anderson v. Neal, 428 A.2d 1189, 1192 (Me. 1981).

The plaintiff has raised an issue of material fact regarding whether the Hunt letter to Mr. LeDuc dated 6/4/92 constitutes the "rendering of a title opinion". See Pl.'s SDMF, ¶ 15; Affidavit of M. Ray Bradford, Jr., ¶ 5. The issue of when this plaintiff discovered or reasonably should have discovered the negligence has not

---

2 The plaintiff concedes this point and argues only with regard to the alleged title opinion. See Pl.'s Mem. at 1-2.

2

been presented on this record.[3] The plaintiff is not precluded from bringing this claim. See Pioneer National Title Ins. Co. v. Sabo, 382 A.2d 265, 267-68 (Del. Super. Ct. 1978).

ELECTION OF REMEDIES/JUDICIAL ESTOPPEL

The plaintiff's claim is not barred by the doctrines of election of remedies or judicial estoppel. See Defs.' SUMF, ¶¶ 20, 23-29; Pl.'s SDMF, ¶¶ 24, 26, 28-29; Saucier v. State Tax Assessor, 2000 ME 8, ¶ 8, 745 A.2d 972, 975 (doctrine of election of remedies requires plaintiff to obtain viable judgment on one of its inconsistent claims); UNUM Corp. v. United States, 886 F.Supp. 150, 158 (D. Me. 1995) (plaintiff must have made certain representations to first tribunal in order to obtain litigation benefit in prior proceeding). Further, those doctrines do not limit the damages to which the plaintiff may be entitled.

The entry is

The Defendants' Motion for Summary Judgment is DENIED.

Date: November 2, 2000

Nancy Mills
Justice, Superior Court

---

[3] Neither statement of fact addresses this issue. Facts stated in the parties' memoranda and not in the statements of facts are not considered. M.R. Civ. P. 7(d)(1) & (2); Pl.'s Mem. at 2 n.1. The defendants' argument that Mr. LeDuc's discovery of the negligence should be imputed to the plaintiff is not supported. Defs.' Reply Mem. at 2 n.1.

Date Filed __12-23-99__ __CUMBERLAND__ Docket No. __CV 99-737__
County

Action __DAMAGES__

NATIONS TITLE INSURANCE OF NEW YORK, INC.

PATRICK E. HUNT
PATRICK E. HUNT, P.A.

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOHN A. GRAUSTEIN, ESQ  772-1941<br>PO BOX 9781, PORTLAND ME 04104 | PETER J. DETROY ESQ.  774-7000<br>PO BOX 4600, PM  04112<br><br>RUSSELL B. PIERCE, JR., ESQ.<br>415 CONGRESS STREET<br>PORTLAND, ME 04112-4600 |

Date of
Entry