STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-311
NM-CUM-3/22/2001

HELEN M. OLCOTT,

Plaintiff

vs.

PORT RESORT REALTY
CORP.,

Defendant

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

In her complaint, the plaintiff alleges that the defendant breached the parties' agreement dated 6/11/96 and failed to pay liquidated damages. See Complaint, ¶¶ 4-6. The plaintiff seeks damages of $50,000.00. The defendant moves for a summary judgment on the complaint and argues that the language of the parties' Replacement Agreement dated 6/11/96 makes clear that any obligation on the part of the defendant to provide piping to the plaintiff's property and to pay more than $10,000.00 to the plaintiff was "all contingent upon PORT receiving Planning Board approval from the Town for its pending application to construct a new building." See Def.'s SMF, ¶¶ 8, 9, 10; Replacement Agreement, Exhibit B attached to Bruno Affidavit. The plaintiff moves for a partial summary judgment and argues that the liquidated damages clause in the Replacement Agreement is enforceable. For the following reasons, the defendant's motion is granted in part and denied in part; the plaintiff's motion is denied.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant filed a 15-paragraph Statement of Material Facts Not in Dispute.[1] The plaintiff filed a 4-paragraph Response to Port Resort's Statement of Material Facts and a 35-paragraph Statement of Facts Supporting Plaintiff's Motion for Partial Summary Judgment. A party opposing a summary judgment "shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts . . . ." M.R. Civ. P. 56(h)(2); see also Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. Facts contained in the statement of facts that are properly supported by record citations "shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4); see also Saucier, 2000 ME 8, ¶ 4, 745 A.2d at 974. The facts contained in the defendant's statement of facts are, therefore, deemed admitted. See Def.'s SMF, ¶¶ 1-15. The plaintiff's responsive statement of facts and statement of facts in support of her own motion will be considered for any additional facts that may be material. See Prescott v. State Tax Assessor, 1998 ME 250, ¶ 6, 721 A.2d 169, 172; see also Bennett v. Tracy, 1999 ME 165, ¶14, 740 A.2d 571, 574 (court need not decide whether it was appropriate for defendant to neglect to file statement in opposition to plaintiff's motion; even if defendant could rely on statement offered in support of his own motion, no genuine issue of fact raised).

---

[1]The testimony regarding damages that is included in the defendant's memorandum but not in the statement of facts is not considered. See Def.'s Mem. at 2-4; M.R. Civ. P. 56(h)(1).

Plaintiff's Response to Defendant's Statement of Facts

In her 4-paragraph responsive statement of facts, the plaintiff raises an additional issue of fact with regard to an excavation hole. See Pl.'s SMF ¶¶ 24, 25. This issue is not material to this case because the hole predated the parties' original agreement, which expired. See Def.'s SMF, ¶ 7; Pl.'s SMF, ¶¶ 4, 9, 16; Olcott Affidavit, ¶ 5.

The plaintiff has not raised an issue of fact regarding whether the plaintiff demanded or requested that the sewer line be extended to her property. See Def.'s SMF, ¶ 15; Pl.'s SMF, ¶ 26. The referenced letters do not document a request for extension of the sewer line. The sewer line is discussed only in the context of settlement negotiations and a proposed revised Replacement Agreement. See id., Bruno Dep. Exhibits 10, 11. The referenced testimony of Mr. Bruno does not concern requests for extension of the sewer line. See Bruno Dep. at 75-81. Because no paragraph to the Olcott affidavit is specified, the court assumes paragraphs 12 and 14 are the appropriate paragraphs because they track the language of paragraph 26 of the responsive statement of facts. See M.R. Civ. P. 56(h)(4) ("The court may disregard any statement of fact not supported by a specific citation to record material . . . ."). In those paragraphs of her affidavit, the plaintiff does not discuss extension of the sewer line. See Olcott Affidavit, ¶¶ 12, 14. Further, she refers to deposition exhibits that were not submitted with the plaintiff's papers. See Olcott Affidavit, ¶ 14. Finally, the notice issue is not material because notice is not required under the Replacement Agreement.

3

### Plaintiff's Statement of Facts Supporting Plaintiff's Motion

The plaintiff has raised an issue of fact regarding construction of the road and access to the plaintiff's property. See Pl.'s SMF, ¶¶ 11A, 11B; Replacement Agreement, ¶¶ 3-4.

The defendant's obligation regarding the screen of trees and extension of piping was contingent on Planning Board approval. See Replacement Agreement, ¶¶ 6, 11; Exhibit D, ¶ 2; Pl.'s SMF, ¶¶ 11C, 11D. Based on this record, any failure by the defendant to obtain written joinder by any mortgagee did not damage the plaintiff because the deeds were exchanged. See Pl.'s SMF, ¶ 17; Def.'s SMF, ¶ 12.

Some of the plaintiff's allegations are not supported by the record reference. See Pl.'s SMF, ¶¶ 11F, 13, 17, 19 (criteria and obligations Port Resort "was unable or unwilling to meet"). Some of the allegations in the Olcott affidavit are not cited in the statement of facts and are not supported by the record, even assuming the allegations would be otherwise admissible. See Olcott Affidavit, ¶ 1C (" I learned during the deposition of Ralph Bruno that financing was never obtained, a clear prerequisite to doing the work contemplated in the agreement. As a result, Port Resort did not live up to its good faith obligations concerning expansion, including the piping."). There is no evidence on this record to support the plaintiff's allegation that the defendant "never attempted, in good faith, to obtain planning board approval." See Pl.'s Mem. at 7; Pl.'s SMF, ¶¶ 19-20 (citing Bruno Dep. 43-44 & 46-47).

4

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiff seeks a judgment that the liquidated damages provision in the Replacement Agreement is enforceable. The defendant's response to the plaintiff's motion suffers from the same procedural defects as the plaintiff's response to the defendant's motion. The plaintiff filed a 35-paragraph statement of facts in support of her motion. The defendant responded with a two-paragraph Statement of Material Facts in Dispute. See M.R Civ. P. 56(h)(2). The defendant's statement of facts will be considered for any additional facts.

The plaintiff argues that paragraph 1(e) of Exhibit D of the Replacement Agreement provides for an additional $60,000.00 as liquidated damages "in the event of any default" by the defendant. See id., ¶ 1(e). The defendant has raised an issue of fact regarding whether the liquidated damage clause is enforceable. See Def.'s Responsive SMF, ¶ 2; Brignull v. Albert, 666 A.2d 82, 84 (Me. 1995).

The entry is

> The Defendant's Motion for Summary Judgment is DENIED with regard to the Defendant's alleged breaches of Paragraphs 3 and 4 of the Replacement Agreement and Paragraph 1(e) of Exhibit D of the Replacement Agreement. The Defendant's Motion for Summary Judgment is GRANTED with regard to the Defendant's other alleged breaches of the Replacement Agreement.
>
> The Plaintiff's Motion for Partial Summary Judgment is DENIED.

Dated: March 22, 2001

Nancy Mills
Justice, Superior Court

5

Date Filed ___05-16-00___    __CUMBERLAND__    Docket No. __CV 00-311__

County

Action ___DAMAGES___

HELEN M. OLCOTT             PORT RESORT REALTY CORP.

vs.

Plaintiff's Attorney

PETER CLIFFORD, ESQ   985-4009
PO BOX 1069, KENNEBUNK ME 04043

Defendant's Attorney   985-6184
ALAN SHEPARD ESQ
56 Portland Rd. Kennebunk, ME 04043

Date of
Entry