STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2002 OCT -2 P 4: 19

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-301

TODD C. McINTOSH

PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIM AND MOTION FOR
SUMMARY JUDGMENT

V.

DONALD L. GARBRECHT
LAW LIBRARY

OCT 29 2002

TAGGERT CONSTRUCTION, INC.

## FACTUAL BACKGROUND

Plaintiff Todd McIntosh was employed by Defendant Taggert Construction Inc., a woodworking shop in Freeport, Maine, from August 2, 1999 to March 7, 2002. Plaintiff worked an average of forty-five hours per week and was not paid at the overtime rate for any hours worked over forty per week. On March 18, 2002, Plaintiff's attorney submitted to Defendant a written demand for unpaid wages with interest, penalties and attorney's fees. This action was commenced by Plaintiff's three-count complaint filed on May 30, 2002. Subsequently, Plaintiff dismissed Count III. Defendant filed counterclaims alleging that Plaintiff, a manager, while at work and being paid by Defendant, used Defendant's equipment in a pursuit directly adverse to the Defendant's interests and also failed to perform an implied contract of payment for storage space. The three counterclaims are: 1) breach of duty of loyalty; 2) conversion; and 3) breach of implied contract. Plaintiff seeks summary judgment and dismissal of all counterclaims.

## DISCUSSION

1. Motion to Dismiss

Plaintiff argues that Defendant's counterclaims should be dismissed pursuant to M.R. Civ. P 12(b)(6) because 26 M.R.S.A. § 626 (subchapter II) prohibits an employer from making a counterclaim for any losses or money owed when Plaintiff has commenced an action for wages under this subchapter. The language to which the Plaintiff refers preserves the employer's right to recover in a subsequent independent action. 26 M.R.S.A. § 626 (Supp. 2002). Defendant opposes the Motion to Dismiss arguing that Plaintiff's claim for overtime wages is predicated on 26 M.R.S.A. § 664 (subchapter III), and therefore is not insulated by the provision in section 626 of the same title. Section 626 protection from counterclaims applies to "actions for unpaid wages brought under this subchapter," Subchapter II. 26 M.R.S.A. § 626 (Supp. 2002).

Defendant's interpretation is that section 626 applies only to final wages rather than all amounts owed at termination. As its title indicates, "Cessation of Employment" applies more broadly. Section 626 applies to this action as an action at the cessation of Plaintiff's employment, albeit for *overtime* wages. Support for this inclusive reading also derives from the definition of "wages" and the limitations of section 664. Wages are paid to an employee as compensation for services rendered. 26 M.R.S.A. § 663(5) (1988). Wages, for any hours worked over forty per week, shall be paid at 150% of the normal hourly rate. 26 M.R.S.A. § 664 (Supp. 2002). Any "wages" due an employee must be paid "not more than 2 weeks after the day on which the demand is made." 26 M.R.S.A. § 626 (Supp 2002).

Contrary to Defendant's contention, section 664 has no time-of-payment provision for overtime wages. In re Wage Payment Litigation, 2000 ME 162, ¶ 18, 759 A.2d 217, 224. Section 671, which provides for "Penalties" for failure to comply with minimum and overtime wage laws, applies to employees remaining with the employer. 26 M.R.S.A. § 671 (1988) (prohibiting an employer from discharging an employee who

2

makes a complaint under the minimum/overtime wage subchapter). This reading of the statute is further supported by the legislative intent to facilitate the payment of wages due former employees and to deter former employers' wrongful withholding of earned wages. See L.D. 547, Statement of Fact (115th Legis. 1991); L.D. 991, Statement of Fact (107th Legis. 1975). But see Glynn v. Atlantic Seaboard Corp., 1999 ME 53, ¶¶ 7, 17, 728 A.2d 117, 119-120 (upholding a jury verdict on a claim pursuant to 26 M.R.S.A. § 626 and a counterclaim by employer for breach of fiduciary duty, although the appeal does not indicate whether Plaintiff raised the issue of section 626 prohibiting counterclaims).

This court finds that overtime wages were properly demanded of the Defendant after the Plaintiff's termination pursuant to 26 M.R.S.A. § 626, which prohibits the employer from filing counterclaims for any money owed the employer by the employee. Therefore, the Defendant's counterclaims are dismissed.

1. Motion for Summary Judgment

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. Defendant contends that summary judgment is not necessary as to Count I because *"the Defendant admitted all of the allegations."* Defendant's Opposition to Motion for Summary Judgment at 1 ("DMSJ"). However, Defendant offers no explanation why he has not tendered the uncontested overtime wages. The parties have stipulated that the amount of unpaid wages due Plaintiff is $5,906.25. Because it is undisputed that Defendant owes Plaintiff unpaid overtime wages, pursuant to 26 M.R.S.A. § 626,

summary judgment is granted. The court orders the Defendant to pay the Plaintiff $17,718.75 plus interest, costs, and attorneys fees.[1]

A. Count II

There exist material facts at issue regarding the payment of the last paycheck (Count II), which necessitate a trial. "A genuine issue of material fact is present only when 'there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial.'" Francis v. Stinson, 2000 ME 173, ¶ 37, 760 A.2d 209, 217 (quoting Prescott v. State Tax Assessor, 1998 ME 250, ¶ 5, 721 A.2d 169, 171-72). Defendant states that the entire final paycheck "was paid to various third parties as required by law or as agreed to in writing." DMSJ at 1. Plaintiff denies that the entire final paycheck was due third parties and that he authorized the payment to any third parties beyond child support and IRA. Although the Defendant has included numerous exhibits to support the deductions, which result in no pay due Plaintiff, there are disputes as to the validity and the amounts of those deductions.

The entry is

Motion to Dismiss Defendant's Counterclaims is GRANTED;
Motion for Summary Judgment as to Count I is GRANTED;
Motion for Summary Judgment as to Count II is DENIED.

Dated at Portland, Maine this 2nd day of October, 2002.

_____
Robert E. Crowley
Justice, Superior Court

---

[1] The parties stipulated to unpaid wages of $5,906.25. The statute requires liquidated damages in an amount equal to twice the amount of wages owed. 26 M.R.S.A. § 626 (Supp. 2002). Total damages, before interest, costs, and attorney's fees equal $17,718.75.

4

TODD C. MCINTOSH  - PLAINTIFF

Attorney for: TODD C. MCINTOSH
CURTIS WEBBER
LINNELL CHOATE & WEBBER LLP
PO BOX 190
AUBURN ME 04212-0190

vs
TAGGART CONSTRUCTION INC - DEFENDANT

Attorney for: TAGGART CONSTRUCTION INC
JOHN LAMBERT
LAMBERT COFFIN RUDMAN HOCHMAN
477 CONGRESS STREET 14TH FLOOR
PO BOX 15215
PORTLAND ME 04112-5215

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2002-00301

**DOCKET RECORD**

Filing Document: NOTICE OF REMOVAL          Minor Case Type: CONTRACT
Filing Date: 06/24/2002