STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-01-72

D  /   —

ALBERT H. ASTON and )
DIANE M. ASTON, )
)
Petitioners, )
)
v. )       DECISION AND ORDER
)
STATE TAX ASSESSOR, )
)                    DONALD L. GARBRECHT
Respondent. )                    LAW LIBRARY

NOV 5 2002

This matter came before the court on the motion for summary judgment

filed by Respondent State Tax Assessor (the "Assessor"). The Assessor asks the

court to affirm his decision on reconsideration upholding an assessment of

income tax, interest, and penalties against Petitioners Albert H. Aston and

Diane M. Aston (the "Astons"). The Assessor's decision was based upon his

determination that the Astons failed to file Maine income tax returns for 1992,

1993, and 1994, and failed to pay the associated tax due.

FACTS AND PROCEDURAL HISTORY

After notice and hearing, the court finds that there is no genuine dispute

as to any of the following facts:

As of August 10, 2000, Maine Revenue Services ("MRS") still had not

received from the Astons Maine income tax returns for 1992, 1993, and 1994

(the "Missing Returns"). Consequently, MRS sent the Astons a request to file

the Missing Returns by notice dated August 10, 2000 (the "Request to File").

When the Astons failed to respond to the Request to File, MRS sent them a demand to file the Missing Returns by notice dated October 1, 2000 (the "Demand to File"). The Astons received the Demand to File on October 4, 2000.

In response to the Demand to File, Mr. Aston submitted to MRS only unsigned copies of portions of what he claimed were the Astons' Maine income tax returns for 1992 and 1993, a signed copy of their federal income tax return for 1994, and copies of their W-2 forms for all three years by letter dated October 30, 2000 (the "October 30 Letter"). In the October 30 Letter, Mr. Aston explained: "A fire at our home in March 1999 destroyed some of our personal records. I do not know if state tax records for the years in question may have been included, but a thorough and exhaustive search of other archived documents did not turn up any such records." He also identified the enclosed portions of the Maine returns as "working papers" for 1992 and 1993. Mr. Aston further stated:

> If you desire that substituted originals be filed, please forward tax forms for the years in question and we will return them promptly. I have requested bank statements for the appropriate years to show proof of payment and will forward that along with the substituted originals should your records not show receipt.

In response to the October 30 Letter, MRS sent the Astons return forms and instruction booklets for 1992, 1993, and 1994 by letter dated November 14, 2000 (the "November 14 Letter"). In the November 14 Letter, MRS

requested that the Astons complete, sign, and date the return forms for

processing, and agreed to credit the Astons for any payments made for the

years in question if they would simply "provide front and back copies of

cancelled checks."

On December 20, 2000, when the Missing Returns still had not been

filed, an MRS agent contacted the Astons by telephone and was assured by Mr.

Aston that the Missing Returns would be mailed to MRS that day. On January

27, 2001, when the Missing Returns still had not been filed, the Assessor

issued an assessment of income tax, interest, and penalties against the Astons

for 1992, 1993, and 1994 (the "Assessment"). The Astons received the

Assessment on January 30, 2001.

By letter dated February 28, 2001, the Astons timely requested that the

Assessor reconsider the Assessment. Upon reconsideration, the Assessor

upheld the tax and interest portions of the Assessment in full by decision dated

August 31, 2001. The Astons timely filed a petition for review of final agency

action in this court on or about September 28, 2001.

The Astons have conceded that they have been "unable to locate any

cancelled checks for the payment of taxes due" with the Missing Returns and

that they "do not have and never have had records of deposit [of the Missing

Returns] with the United States Postal Service."

The Astons have also been equivocal at best in stating whether they had

ever actually prepared and filed any of the Missing Returns or paid any of the

3

associated tax due. For example, when asked if they contended that they filed an original Maine income tax return for each of the years in question, the Astons answered: "To the best of Petitioners' knowledge, information and belief, Petitioners contend that they filed an original Maine individual income tax return for [each year in question], but they reasonably lack information or knowledge sufficient to recollect specifically any such action." Likewise, when asked if they contended that they paid any Maine income tax owed with respect to each of the years in question, the Astons answered: "To the best of Petitioners' knowledge, information and belief, Petitioners contend that they paid Maine income tax owed with respect to [each year in question], but they reasonably lack information or knowledge sufficient to recollect specifically any such action."

The Astons have been just as equivocal in stating whether the alleged fire at their home in 1999 actually destroyed any relevant materials. In their answers to interrogatories propounded by the Assessor, they stated only that "a fire at their residence . . . may have destroyed any archival records that might have existed regarding the matters here at issue."

As of this date, MRS still has not received from the Astons any of the Missing Returns, a duplicate copy of any of the Missing Returns, or payment of any of the associated tax due.

## DISCUSSION

### A. Standard of Review

A review of final agency action of the Assessor generally requires the Superior Court to "conduct a de novo hearing and make a de novo determination of the merits of the case . . . [and] its own determination as to all questions of fact or law." 36 M.R.S.A. § 151 (Supp. 2001). Under section 151, the court functions as the forum of origin, not as an appellate tribunal, when reviewing the Assessor's decision. E.g., Enerquin Air, Inc. v. State Tax Assessor, 670 A.2d 926, 928 (Me. 1996). The burden of proof is on the taxpayer. 36 M.R.S.A. § 151.

On a motion for summary judgment, a party is entitled to a judgment if the motion and supporting documents demonstrate that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law. E.g., Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974; M.R. Civ. P. 56(c).

### B. Analysis

"A tax is imposed for each taxable year . . . on the Maine taxable income of every resident individual of this State." 36 M.R.S.A. § 5111 (1990 & Supp. 2001). Every resident individual who is required to file a federal income tax return or who has a Maine individual income tax liability is required to make a Maine income tax return. 36 M.R.S.A. § 5220(1) (1990). The Maine return

> must be filed on or before the date a federal income tax return, without regard to extension, is due to be filed.

5

> A taxpayer required to make and file such a return shall, without assessment, notice or demand, pay any tax due thereon to the assessor on or before the date fixed for filing such return determined without regard to any extension of time for filing the return.

36 M.R.S.A. § 5227 (Supp. 2001).

Since filing their petition for review, the Astons have conceded that they have been "unable to locate any cancelled checks for the payment of taxes due" with the Missing Returns and that they "do not have and never have had records of deposit [of the Missing Returns] with the United States Postal Service."

Indeed, the Astons have been equivocal at best in stating whether they had ever actually prepared and filed any of the Missing Returns or paid any of the tax due thereon. For example, when asked if they contended that they filed an original Maine income tax return for each of the years in question, the Astons answered: "To the best of Petitioners' knowledge, information and belief, Petitioners contend that they filed an original Maine individual income tax return for [each year in question], but they reasonably lack information or knowledge sufficient to recollect specifically any such action." Likewise, when asked if they contended that they paid any Maine income tax owed with respect to each of the years in question, the Astons answered: "To the best of Petitioners' knowledge, information and belief, Petitioners contend that they paid Maine income tax owed with respect to [each year in question], but they reasonably lack information or knowledge sufficient to recollect specifically any such action."

The Astons have been just as equivocal in stating whether the alleged fire at their home in 1999 actually destroyed any relevant materials. In their answers to interrogatories propounded by the Assessor, they stated only that "a fire at their residence . . . may have destroyed any archival records that might have existed regarding the matters here at issue." (Emphasis added).

As of this date, finally, MRS still has not received from the Astons any of the Missing Returns, a duplicate copy of any of the Missing Returns, or payment of any of the associated tax due.

On these undisputed facts, the Assessor's decision on reconsideration based upon his determination that the Astons failed to file any of the Missing Returns and failed to pay any of the associated tax due must be affirmed.

## CONCLUSION

As the foregoing discussion demonstrates, there is no genuine issue as to any material fact, and the Assessor is entitled to a judgment as a matter of law on the Astons' petition for review of final agency action.

Accordingly, the entry is:

> The State Tax Assessor's motion for summary judgment is GRANTED and judgment is entered for the State Tax Assessor affirming his decision on reconsideration; the petition for review of final agency action filed by Albert H. Aston and Diane M. Aston is DENIED.

DATED: _Oct 4, 2002_ 

_____
Justice, Superior Court

7

Date Filed __9/28/01__ __Kennebec__ Docket No. __AP01-72__

County

Action __Petition for Review__

80C

# J. MARDEN

Albert H. & Diane M. Aston                    vs.    __Maine Revenue Service__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Albert H. Aston, Pro Se<br>337 Middle Road<br>Falmouth, Maine 04105 | Stanley W. Piecuch, AAG<br>Department of Attorney General<br>6 State House Station<br>Augusta   ME   04333-0006 |

| Date of Entry | |
|---|---|
| 9/28/01 | Petition for Review, filed. s/Aston, Pro Se |
| 10/4/01 | Entry of Appearance of on behalf of the Maine Revenue Service, filed.  s/S. Piecuch, AAG.   No record has been made and none will be filed. |
| 10/15/01 | Assessor's Motion for Order Specifying Future Course of Proceedigns with Incorporated Memorandum of Law, filed. s/Piecuch, AAG.<br>Proposed Order, filed.<br>Request for Hearing, filed. |
| 11/9/01 | SCHEDULING ORDER, Marden, J.<br>"Scheduling Order filed.  Discovery deadline is July 9, 2002."<br>Copies mailed to Pltf. and atty of record. |
| 3/20/02 | Notification of Discovery Service, filed. s/Piecuch, AAG.<br>Assessor's First Request for Production of Documents Directed to Petitioners served on Albert & Diane Aston on 3/19/02. |
| 4/25/02 | Notification of Discovery Service, filed. s/Piecuch, AAG<br>Assessor's First Set of Interrogaotries Directed to Petitioners served on Albert H. Aston, and Diane M. Aston on 4/24/02. |
| 6/11/02 | Letter from attorney Knowlton informing the court that the Aston's have not complied with discovery. |
| 6/18/02 | ORDER COMPELLING ANSWERS TO INTERROGATORIES, Marden, J. (Dated 6/14/02)<br>Copies mailed to atty and Pltfs. |
| 7/1/02 | Notification of Discovery Service, filed. s/Aston, Pro Se<br>Response to Assessors First Set of Interrogatories Directed to Petitioner served on Stanley W. Piecuch, AAG on 7/1/02. |
| 9/12/02 | Assessor's Motion for Summary Judgment;    s/S. Piecuch, AAG<br>Memorandum of Law in Support of Assessor's Motion for Summary Judgment;<br>Assessor's Statement of Material Facts not in Dispute with attachments;<br>Affidavit of David T. Potter;  Request for Hearing and<br>Proposed Decision and Order, filed. |