STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. *KE-01-133*

MICHAEL A. KATZ and
MARGARET M. GADOMSKI

ORDER ON PLAINTIFFS'
MOTION FOR SUMMARY
JUDGMENT

    v.

DONALD L. GARBRECHT
LAW LIBRARY

OCT 29 2002

ANTHONY J. LONGLEY

## FACTUAL BACKGROUND

For purposes of this motion the following facts are undisputed: In 1996, Plaintiffs Michael A. Katz and Margaret M. Gadomski purchased four abutting parcels in Naples, Maine, which now form one parcel at the corner of Route 302 and Route 11. Defendant's grandmother, Marjorie Longley, once owned a portion of the Plaintiff's land. On May 16, 1957, she sold it to the Plaintiffs' predecessor in interest, thereby rendering her remaining parcel landlocked (landlocked parcel). In March 1958, Marjorie Longley acquired a lot adjacent to her landlocked parcel and abutting Route 11 (1958 parcel). There is a brook separating these two parcels. Mrs. Longley acquired a third parcel adjacent to the 1958 parcel in 1965 (1965 parcel), which added twenty-one additional feet of frontage on Route 11 to the existing seventy-five feet provided by the 1958 acquisition. The landlocked parcel does not abut the 1965 parcel; the 1958 parcel lies between the other two.

Defendant Anthony J. Longley now owns the three parcels, except that one of the Route 11 parcels is subject to the life-estate of Marjorie Longley. Defendant claims that there exists an easement by necessity or, in the alternative, an implied easement across the Plaintiffs' land arising from the original transfer that rendered the landlocked

parcel landlocked.[1] Plaintiffs are currently under contract to sell the entire parcel to C.N. Brown subject to approval of a site review plan by the Town of Naples. The approval and the sale are being delayed by Defendant's claim of an easement.

In the Complaint, Plaintiffs seek: declaratory judgment holding that no easement exists (Count I); damages under theories of slander of title (Count II) and interference with contract/advantageous relationship (Count III). In a Counterclaim, Defendant seeks declaratory judgment holding that there exists an easement. Plaintiffs have moved for Summary Judgment on Count I and on Defendant's counterclaim.

## DISCUSSION

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. A material fact is one having the potential to affect the outcome of the suit. Burdzel v. Sobus, 2000 ME 84, ¶ 6, 750 A.2d 573, 575; Kenny v. Department of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560, 562. A genuine issue exists when sufficient evidence supports a factual contest to require a factfinder to choose between competing versions of the truth at trial. Burdzel v. Sobus, 2000 ME 84, ¶ 6, 750 A.2d at 575; Prescott v. State Tax Assessor, 1998 ME 250, ¶ 5, 721 A.2d at 171-72.

Defendant contends that he enjoys an easement by implication across the land of the Plaintiff. An easement by implication, also called an implied easement, may be "impliedly created in favor of the grantor of the servient estate" and may be created in two different ways. McGeechan v. Sherwood, 2000 ME 188, ¶ 57, 760 A.2d 1068, 1080; see also Sprague Corp. et al. v. Sprague, 855 F. Supp 423, 432 (D. Me. 1994) (holding that Maine law allows for implied easements in favor of the grantor of the conveyed

---

[1] Bonnie Longley was named in the Complaint. On June 6, 2002, Bonnie Longley was dismissed.

property). One form of an implied easement may be created without any pre-existing use when access to the property conveyed requires trespass. Id.; see also McGeechan v. Sherwood, 2000 ME 188, 57, 760 A.2d at 1080 (reiterating that an easement over conveyed property may be impliedly created in favor of the grantor of the servient estate). This form is called a way of necessity. LeMay v. Anderson, 397 A.2d at 988 n.3. Creation of an easement by necessity does not depend on a pre-existing quasi-easement or the intent of the parties. Bowers v. Andrews, 557 A.2d 606, 609 (Me. 1989).

A second form of implied easement called a quasi-easement may arise when, "at the time of conveyance, existing use is made of the servient portion to the benefit of the dominant portion." Id. (stating that when it is reasonable to infer that the parties regarded the continuation of the use as so obvious that it would go without saying) quoting LeMay v. Anderson, 397 A.2d 984, 987 (Me. 1979). When determining the creation of quasi-easements, "the focus is properly upon the probable intent of the parties" at the time of transfer including their respective and mutual understanding(s), circumstances surrounding the transaction, and the necessity of the easement for the enjoyment of the dominant parcel. LeMay v. Anderson, 397 A.2d at 978-88.

1. *Way of necessity*

Defendant first argues that there exists an easement across the Plaintiffs' property created by the necessity that arose when Defendant's grandmother sold a portion of her property, thereby creating her landlocked parcel. Marjorie Longley conveyed the property abutting Route 302 at a time when a road across the conveyed parcel was the only means of access to the retained parcel. Because access to her retained parcel necessitated the use of the way across Plaintiffs' parcel, a way of necessity, or an easement by necessity, was created. McGeechan v. Sherwood, 2000 ME 188, ¶ 57, 760 A.2d at 1080; quoting LeMay v. Anderson, 397 A.2d at 987 (Me. 1979).

An easement by necessity is extinguished upon the termination of the necessity. LeMay v. Anderson, 397 A.2d at 989; Whitehouse v. Cummings, 83 Me. 91, 99, 21 A. 743, 745 (1890). Defendant contends that access to Route 11 over the parcel acquired in 1958 is not feasible due to the existence of a brook and structures existing on the property and that the necessity remains today. It is the Defendant's burden to demonstrate that alternate access is not available when claiming an easement by necessity. Morrell v. Rice, 622 A.2d 1156, 1159 (Me. 1993). Cases defining "necessity" have primarily done so in determining the creation of an easement rather than its extinguishment. The Law Court has consistently ruled that strict necessity is required and convenience alone will not suffice. Shadan v. Town of Skowhegan, 1997 ME 187, ¶ 9, 700 A.2d 245, 247-48 (finding a lack of necessity even when alternate way was in poor condition); Ouellette v. Bolduc, 440 A.2d 1042, 1046 (Me. 1982); (stating the test of necessity "is whether the party claiming the easement can at reasonable cost on his own estate create a substitute") citing York v. Golder, 128 Me. 252, 147 A. 41 (Me. 1929).

Defendant offers only his conclusions, unsupported by the record, regarding the infeasibility of building a road across either of the later acquired Route 11 parcels. [2] "Where [a party] will have the burden of proof on an essential issue at trial, and it is clear that the [opposing party] would be entitled to a judgment as a matter of law ... the court may properly grant summary judgment." Champagne v. Mid-Maine Med. Ctr., 1998 ME 87, ¶ 9, 711 A.2d 842, 845. The Defendant has failed to meet his burden as to the continuing existence of an easement by necessity. Specifically, he has failed to demonstrate the unreasonable cost of alternative access to the landlocked parcel. Therefore, the easement by necessity claim does not survive summary judgment.

---

[2] Defendant requests, pursuant to M.R. Civ. P. 56(f), leave to amend his opposition to Plaintiffs' motion in order to cross-examine the Plaintiffs' expert witness "to the extent that the Motion for Summary Judgment relies upon the expert opinion and conclusions of John W.

## 2. Quasi-easement

Alternatively, Defendant argues that he enjoys a quasi–easement that continues to this day. The use of a quasi-easement must be apparent and open at the time of severance of the whole parcel and the use must be strictly necessary to the use of the dominant parcel. LeMay v. Anderson, 397 A.2d at 988; see also McGeechan v. Sherwood, 2000 ME 188, 57, 760 A.2d at 1080. However, the continuing necessity is irrelevant to the existence of a quasi-easement; "[o]nly circumstances at the time of [the] conveyance . . . are relevant." LeMay v. Anderson, 397 A.2d at 989.

According to the undisputed facts, the Defendant's grandmother's parcel was landlocked as a result of the 1957 transfer to Plaintiffs' predecessor in title. This fact, coupled the dispute as to the existence and openness of the use of the quasi-easement at the time of the transfer is sufficient for this claim to survive Plaintiff's Motion for Summary Judgment.

The entry is

Plaintiffs' Motion for Summary Judgment as to Count I and Defendant's Counterclaim, insofar as they assert an easement by necessity, is GRANTED

Plaintiffs' Motion for Summary Judgment as to Count I and Defendant's Counterclaim, insofar as they assert a quasi-easement, is DENIED.

Dated at Portland, Maine this 21st day of October, 2002.

_____
Robert E. Crowley
Justice, Superior Court

---

Swan." Metcalf Aff. ¶ 5. Because the court does not rely on the expert opinion of Mr. Swan, Defendant's motion pursuant to M.R. Civ. P. 56(f) is denied.

Date Filed __12-13-01__     Cumberland     Docket No. __RE-01-122__

                                              County

Action __EASEMENTS__

|  |  |
|---|---|
| MICHAEL A. KATZ<br>MARGARET M. GADOMSKI | dismissed 6-5-02<br>ANTHONY J. & ~~BONNIE~~ LONGLEY |

vs.

**Plaintiff's Attorney**

DAVID A. SOLEY, ESQ.
NATHAN H. SMITH, ESQ.
100 Middle Street
P.O. Box 9729
Portland, ME  04101
(207) 774-1200

**Defendant's Attorney**

JUDY A.S. METCALF, ESQ. (BOTH)
P.O. Box 9
Brunswick, ME 04011-0009
(207) 729-1144

| Date of<br>Entry | |
|---|---|
| **2001**<br>Dec. 17 | Received 12-13-01:<br>Summary Sheet filed. |
| "    " | Complaint with Exhibits A - N filed. |
| Dec. 21 | Received 12-21-01:<br>Plaintiffs Notification of Discovery Service filed.<br>Plaintiffs' First set of Request Production of Documents on Defendant<br>served on Judy Metcalf and John A. Cunningham, Esquires on 12-20-01. |
| Dec. 27 | Received 12-27-01.<br>Summons filed showing Officer's return of service on 12-19-01<br>upon Anthony J. Longley. |
| "    " | Summons filed showing Officer's return of service on 12-19-01<br>upon Bonney Longley. |
| **2002**<br>Jan. 10 | Received 01-10-02:<br>Defendant's Answer to Plaintiff's Complaint for Declaratory Judgment<br>and Damages filed. |
| "    " | Defendant's Counterclaim filed. |
| "    " | Defendant's Summary Sheet filed. |
| Jan. 17 | Received 01-17-02.<br>Plaintiffs/Couterclaim Defendants Michael A. Katz and Margaret M.<br>Gadomski Reply to Defendant's Counterclaim filed. |
| Jan. 22 | Received 01-22-02:<br>Defendant's Notification of Discovery Service filed.<br>Defendants' Response to Plaintiffs' Request for Production of Documents<br>served on David A. Soley, Esq. on 01-18-02. |
| Jan. 23 | Received 01-23-02:<br>Plaintiffs Notification of Discovery Service filed.<br>Plaintiffs' First Set of Interrogatories to Defendant and Plaintiffs'<br>First Requests for Admissions to Defendants served on Judy Metcalf, Esq<br>on 01-21-02. |