**Dale CHAPMAN, et al.**

v.

**Arthur RIDEOUT.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 2, 1990.

Decided Jan. 16, 1990.

Andrew Mead, Mitchell & Stearns, Bangor, for plaintiffs.

Jerome B. Goldsmith, Linscott, Slater, Goldsmith & Rair, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant Arthur Rideout appeals from the judgment of the Superior Court (Penobscot County, *Beaulieu, J.*) entered in favor of plaintiffs Dale and Kristine Chapman. After a non-jury trial, the court awarded damages for negligent misrepresentation. On appeal, defendant argues that the tort of negligent misrepresentation has never been recognized in Maine and that therefore the trial justice erred in finding for plaintiffs on the issue of liability. We affirm the judgment.

 The facts may be briefly summarized as follows: In 1985, defendant acquired a parcel of land in Holden. In 1986, he listed the property with a broker and marked the boundaries by fastening colored flags on trees. Defendant testified that he never had the land surveyed, but relied on a conversation with the previous owner in locating the boundaries of the property. In June of 1986, defendant conveyed the parcel to plaintiffs by warranty deed. Defendant testified that prior to closing he spoke with plaintiffs by telephone and indicated that the property lines were represented by the markers.

After acquiring the property plaintiffs cleared the land and installed a foundation and driveway within the area flagged by defendant. Plaintiffs then learned that defendant's markings were incorrect and that defendant had actually flagged a portion of the adjoining lot. As a result of this discovery, plaintiffs were required to install a more expensive septic system and also have another soil test performed. Additionally, plaintiffs purchased the adjoining lot in order to preserve their investment in the driveway and foundation.

After trial, the Superior Court entered judgment for plaintiffs, specifically finding that defendant's representations respecting the boundary markers constituted a negligent misrepresentation. The court awarded damages for the changes in the septic system and additional expenses relative to soil testing and closing costs. Defendant appeals.

The Restatement (Second) of Torts defines the tort of negligent misrepresentation as follows:

> One who, in the course of his business, profession or employment, *or in any other transaction in which he has a pecuniary interest,* supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Restatement (Second) of Torts* § 552(1) (1977) (emphasis added). We adopt the Restatement formulation as it applies to this case. Although scienter is traditionally required, we are persuaded that the Restatement reflects a well-reasoned exception to that requirement.

The entry is:

Judgment affirmed.

All concurring.