Shannon R. HILL, et al.

v.

TOWN OF LUBEC.

Supreme Judicial Court of Maine.

Argued March 6, 1992.
Decided June 1, 1992.

---

William S. Silsby, Jr., Silsby & Silsby and Rose Giosia (orally), Ellsworth, for plaintiffs.

Daniel Lacasse (orally), Brown, Tibbetts, Churchill and Lacasse, Calais, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Plaintiffs Shannon Hill and her parents Winslow and Anne Newman appeal a judgment of the Superior Court (Washington County, *Alexander, J.*) granting a judgment notwithstanding the verdict in favor of the Town of Lubec in plaintiffs' libel action against the Town. The court held that the Town's insurance did not cover the plaintiffs' claim and that the Town was thereby immune from suit under the Maine Tort Claims Act. Because that finding of no insurance coverage necessarily required a preliminary finding that the Town had knowledge of the falsity of the libellous statement it published, and because there is no evidence of record in this case to support such a finding, we vacate the judgment of the Superior Court and remand with direction to enter judgment for the plaintiffs on the verdict.

The Town Office Manager of Lubec received an anonymous letter addressed to the Selectmen of the Town of Lubec. The letter made defamatory statements concerning the plaintiffs. The manager sent copies of the letter to each selectman, to the police chief, and to the Town's attorney. Copies of the letter were also available at a subsequent public meeting of the selectmen, and a copy of the letter appeared on the Town Office bulletin board located in the Town office vestibule.

The plaintiffs commenced the present action seeking damages from the Town for the injuries suffered as a result of the publication of the letter. After a two day trial, a jury found in favor of the plaintiffs and awarded them an aggregate of $100,-000. The Town, in accordance with a reservation it made to the trial judge prior to the submission of the case to the jury, filed a motion to set aside the verdict on the ground that the Town was not insured against the libel claims and was thus immune from suit under the Maine Tort Claims Act. The Superior Court granted judgment for the Town on that basis and set aside the verdict. The plaintiffs' appeal followed.

The Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1990), provides that towns and other governmental entities, are immune from suit on all tort claims unless immunity is expressly removed by statute. If, however, a governmental entity obtains insurance coverage against liability for any claim, that entity is liable for that claim to the limits of the insurance coverage. The insurance coverage waiver is created by Section 8116 of the Act, which provides that:

> The ... [governmental entity] may procure insurance against liability for any claim against it or its employees for which immunity is waived under this chapter or under any other law.... If the insurance provides coverage in areas where the government entity is immune, the governmental entity shall be liable in those substantive areas but only to the limits of the insurance coverage.

The governmental entity against whom a claim is made bears the burden of establishing that it does not have insurance coverage for that claim. *See Moore v. City of Lewiston,* 596 A.2d 612, 615 (Me.1991).

In the instant case, the Town was covered by a policy issued by Commercial

Union Insurance Companies that provided coverage for "personal injury ... sustained by any person or organization arising out of the conduct of the insured's business." The policy defined "personal injury" to include "publication or utterance of a libel or slander." The policy excluded coverage, however, for personal injury "arising out of libel or slander ... made by or at the direction of the insured *with knowledge of the falsity thereof.*" (emphasis added). In order for the Town to establish that its insurance policy with Commercial Union did not provide it with coverage for the plaintiffs' libel action, it needed to show that it published the defamatory letter with knowledge of its falsity. The Town has plainly failed to discharge that burden.

The Town made no attempt at trial to establish that it knew the contents of the letter to be false. That is hardly surprising, for the Town's theory of the case was that it had no knowledge about the accuracy of the letter and thus had not engaged in any libel at all. The Town sought no special verdict concerning its knowledge of the truth or falsity of the libellous statements. The jury returned a general verdict against the Town on the following instruction:

> To prove a claim of libel, each of the plaintiffs must prove that ... knowing the statements were false *or acting with reckless disregard as to whether the statements were true or false*, the Town distributed the false statements to the public or allowed the false statements to remain posted in public view upon Town property.

(emphasis added). The Town cannot rely on the jury's general verdict to establish that it knowingly published the false statement. That instruction allowed for a verdict in favor of the plaintiffs on a finding of reckless behavior, and given the absence of any evidence that the Town had knowledge of the false statements, it would be unreasonable to assume that the jury's verdict was based on a finding of actual knowledge.

In its post trial motion to establish immunity under the Tort Claims Act, the Town again made no attempt to assert that it had knowledge of the falsity of the publication. It simply put in evidence its insurance policies which policies it contended "readily indicate that the Town of Lubec does not have insurance coverage to cover libel and slander actions." In granting the judgment n.o.v. to the Town, the court considered that the issue of the Town's immunity was purely a question of law that did not require a factual determination, and thus it did not address the question of the Town's knowledge. Although ordinarily this court must assume that the trial court found for a party on all issues of fact necessarily involved in its ultimate decision favorable to that party, *see Herrick v. Theberge,* 474 A.2d 870, 875 (Me.1984), that assumption cannot be made in this case because the court stated explicitly that it was not required to make any findings of fact. Even if the court had been asked by the Town to make a determination on the question of the Town's knowledge of the falsity of the publication, there was no basis on which the court could conclude that the Town had such knowledge. Because a finding of knowledge was essential to the determination of no insurance coverage, and because there was no evidence to support such a finding, we vacate the judgment n.o.v.

■ The Town argues alternatively that even if the insurance policy does provide coverage in this case so that the Town is not immune under the Tort Claims Act, we should nonetheless affirm the judgment n.o.v. on the basis that there was insufficient evidence to support the jury's finding that the elements of the tort of libel were made out. First, the Town argues that plaintiffs failed to present any evidence to show that the Town was responsible for publishing the libel. "[A] defendant need not intentionally communicate a defamatory statement to third parties; it is sufficient if the defendant knows or should know that it will be communicated to third parties." *See* A. Horton and P. McGehee *Maine Civil Remedies* § 20.7 (2d ed. 1992). The record in the case before us discloses that the Town Office Manager sent copies of the letter to each selectman, to the police

chief, and to the Town's attorney, that the Town forum of the public meeting of its selectmen was used to distribute the letter, and that the Town bulletin board was used to display the letter. That constitutes sufficient evidence from which the jury reasonably could find that the Town knew or should have known that the letter would be communicated to third parties.

Finally, and somewhat ironically in view of its argument on the immunity question, the Town argues that the plaintiffs failed to present any evidence that the Town published the letter with knowledge of its falsity or with reckless disregard of its truth or falsity. Assuming, without deciding, that plaintiffs were required to show that the Town acted with either knowledge or reckless disregard of the truth or falsity of the letter, as distinct from mere negligence, the record shows that, although there was no evidence from which a jury could reasonably infer actual knowledge on the part of the Town, the Town's admission that it made no attempt to ascertain the truth or falsity of the contents of the letter prior to its publication was sufficient evidence to support a finding that the Town acted with reckless disregard.

The entry is:

Judgment vacated.

Remanded to the Superior Court with direction to enter judgment for the plaintiffs on the verdict.

All concurring.