Bruce Allen DANFORTH

v.

Carl GOTTARDI, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 11, 1995.
Decided Nov. 20, 1995.

Bruce Allen Danforth, Thomaston, Pro Se.

David W. Crook, District Attorney and William Baghdoyan, Assistant District Attorney, Skowhegan, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Bruce Danforth appeals from the judgment entered in the Superior Court (Somerset County, *Marsano, J.*) dismissing his complaint against Deputy Carl Gottardi and the Somerset County Sheriff's Department pursuant to M.R.Civ.P. 12(b)(6). Danforth contends that the trial court erred in concluding that the defendants were immune pursuant to the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1994), from liability for failing to return tools that he alleg-

es belong to him. Because the immunity of the defendants is not apparent within the four corners of the complaint, we vacate the judgment.

■ A motion to dismiss tests the legal sufficiency of the complaint. *Richards v. Soucy,* 610 A.2d 268, 270 (Me.1992). For purposes of a Rule 12(b)(6) motion, the material allegations of the complaint must be taken as admitted. *Larrabee v. Penobscot Frozen Foods, Inc.,* 486 A.2d 97, 98 (Me.1984). In reviewing a dismissal, we examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action, or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. *Larrabee,* 486 A.2d at 99. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *McAfee v. Cole,* 637 A.2d 463, 465 (Me.1994) (quoting *Hall v. Board of Envtl. Protection,* 498 A.2d 260, 266 (Me.1985)).

■ Danforth's complaint, read in a light most favorable to him, alleges that he is the owner of certain tools that were seized by the Sheriff's Department in connection with a burglary investigation,[1] and that Gottardi and the Sheriff's Department negligently lost those tools. The complaint states an allegation of negligence that could entitle Danforth to some form of relief. The court dismissed the complaint based on governmental and prosecutorial immunity.[2] Governmental immunity, however, is an affirmative defense and cannot be invoked as a ground for dismissal of a complaint "unless the complaint contains within its four corners allegations of sufficient facts to show the existence and applicability of the immunity." *MacKerron v. Madura,* 445 A.2d 680, 682 (Me.1982). Gottardi, as an employee of the Sheriff's Department, can be subjected to liability unless a specific provision of the Maine Tort Claims Act applies to provide immunity.[3]

*See Kane v. Anderson,* 509 A.2d 656, 657 (Me.1986) (municipal police officer not immune from negligence suit resulting from execution of arrest warrant). The four corners of Danforth's complaint do not demonstrate Gottardi's immunity, and the complaint against him should not have been dismissed.

■ Danforth also names the Somerset County Sheriff's Department as a defendant.[4] Broad immunity is granted to governmental entities pursuant to the Maine Tort Claims Act. The Act defines "governmental entity" to include the state and its political subdivisions, 14 M.R.S.A. § 8102(2), and defines "political subdivision" to include a county. *Id.* § 8102(3). As an instrumentality of Somerset County, a governmental entity entitled to immunity pursuant to the Maine Tort Claims Act, the Department is immune from suit on all tort claims unless the immunity is expressly removed by statute. *Id.* § 8103. A governmental entity otherwise immune from suit waives its immunity to the extent it procures insurance. *Id.* § 8116. Although Danforth's complaint has alleged no facts that would deprive the Sheriff's Department of the protection of immunity, the governmental entity against whom a claim is made bears the burden of establishing that it does not have insurance coverage for that claim. *Hill v. Town of Lubec,* 609 A.2d 699, 700 (Me.1992). The *absence* of liability insurance is not apparent from Danforth's complaint. Accordingly, the complaint against the Sheriff's Department was improperly dismissed.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. Although Danforth was charged with the burglary, the charges were later dismissed.

2. Danforth's request for the return of what he claimed were his tools was initially denied because the burglary investigation was ongoing and there was a question as to Danforth's ownership of the tools.

3. The personal tort liability of a governmental employee is limited to $10,000. 14 M.R.S.A. § 8104–D (Supp.1994).

4. The County itself is the more appropriate defendant.