STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-055

Apr 16 1 29 PM '02 PCC -CU...-4/16/...

DALE A. BOIS, ROLAND P.
BOIS, and DRSB, INC. d/b/a
DJ's VARIETY,

Plaintiffs

v.

ORDER ON MOTION
FOR SUMMARY JUDGMENT
BY DEFENDANTS VINAL H.
PENDEXTER, LOUIS F. SOLARI
AND SOLARI APPRAISAL
SERVICES COMPANY, INC.

VINAL H. PENDEXTER,
LEWIS F. SOLARI,
SOLARI APPRAISAL SERVICES
COMPANY, MAINE BANK & TRUST
COMPANY, MARK G. SULLIVAN, and
CAROL A. SULLIVAN,

DONALD L. GARBRECHT
LAW LIBRARY

MAY 8 2002

Defendants

Defendants Vinal H. Pendexter (Pendexter), Louis[1] F. Solari (Solari), and

Solari Appraisal Services Company ("Solari Co.") (collectively the "appraisal

defendants") filed a motion for summary judgment as to Counts II (intentional

misrepresentation) and III (negligent misrepresentation), asserting that the plaintiffs

cannot establish that they justifiably relied on the appraisal performed by the

appraisal defendants. Upon review of the motion, opposition, and the applicable

law, the motion for summary judgment will be denied.

---

[1] Mr. Solari is alternatively referred to as "Lewis" and "Louis" in various pleadings.

## BACKGROUND

The plaintiffs purchased a store known as "DJ's Variety" from Mark G. Sullivan and Carol A. Sullivan.[2] During the course of the plaintiffs' purchase of the store, Solari Co. was retained to perform an appraisal of the store. Defendants' Statement of Material Fact (DSMF) ¶ 4; Plaintiffs' Opposing Statement of Material Fact (POSMF) ¶ 4. The plaintiffs filed the underlying complaint based on their assertion that the appraisal was defective, and asserted the following claims against Pendexter, Solari, and Solari Co.: professional negligence (Count I); intentional misrepresentation (Count II); negligent misrepresentation (Count III); violations of the Unfair Trade Practices Act (Count IV); and negligent infliction of emotional distress (Count V). The defendants, Pendexter, Solari, and Solari Co., filed a motion for summary judgment with respect to the misrepresentation claims (Counts II and III).

The defendants contend that the Boises never saw, nor asked to see, the results of the appraisal performed by Solari Co. at any time prior to closing, and therefore could not have justifiably relied on the appraisal. Although conceding that they did not see the written appraisal report prepared by the defendants until the day of the closing, the plaintiffs have raised an issue of fact as to whether the result of the appraisal (that the store had a fair market value of $ 485,000, exclusive of contents) was communicated to the plaintiffs by Robert M. Davis of the Maine Bank & Trust. POSMF ¶ 9; Bois Dep. pp. 59, 79, 86-87, 95, 97, 102, 105, 191.

---

2 Although the Sullivans were originally defendants in this action, the parties submitted a stipulated dismissal of the Sullivans on February 28, 2002.

## DISCUSSION

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974. Both negligent misrepresentation and intentional misrepresentation require that the complaining party justifiably rely on the misrepresentation. See Chapman v. Rideout, 568 A.2d 829, 830 (Me. 1990); Francis v. Stinson, 2000 ME 173, ¶ 38, 760 A.2d 209.[3] However, the court has not been directed to any authority that a direct receipt of the "misrepresentation" is required in order to make the reliance justified. Rather, it is conceivable that if, when working through financing to purchase a store, the purchasers are told by the financing bank that the appraisal has come through at a certain value, and that the purchasers are therefore going to get the requested financing, then a factfinder could reasonably determine the purchasers "justifiably relied" on the appraisal. Accordingly, the defendants have not established that they are entitled to judgment as a matter of law on the negligent and intentional misrepresentation claims.

---

3 A defendant is liable under a theory of negligent misrepresentation if (1) he supplied false information, (2) for the guidance of the plaintiffs in their business transactions, (3) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiffs justifiably relied upon the information. Chapman v. Rideout, 568 A.2d 829, 830 (Me. 1990). A defendant is liable for fraud or deceit if he: (1) made a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it was true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance upon it, and (5) the party justifiably relied upon the representation as true and acted upon the false representation to its damage. Francis v. Stinson, 2000 ME 173, ¶ 38, 760 A.2d 209.

3

The entry is

Defendants' motion for summary judgment as to Counts II (intentional misrepresentation) and III (negligent misrepresentation) is DENIED.

Dated at Portland, Maine this 12th day of April 2002.

Robert E. Crowley
Justice, Superior Court

STATE OF MAINE                    SUPERIOR COURT
CUMBERLAND, ss.                   CIVIL ACTION
                                  DOCKET NO. CV-01-055

DALE A. BOIS, ROLAND P.
BOIS, and DRSB, INC. d/b/a
DJ's VARIETY,

               Plaintiffs

v.                                ORDER ON MOTION
                                  FOR SUMMARY JUDGMENT
                                  CONCERNING PERSONAL
                                  LIABILITY OF DEFENDANTS
                                  VINAL H. PENDEXTER AND
                                  LOUIS F. SOLARI

VINAL H. PENDEXTER,
LEWIS F. SOLARI,
SOLARI APPRAISAL SERVICES
COMPANY, MAINE BANK & TRUST
COMPANY, MARK G. SULLIVAN, and
CAROL A. SULLIVAN,

               Defendants


     Defendants Vinal H. Pendexter (Pendexter) and Louis[1] F. Solari (Solari) filed a

motion for summary judgment as to their personal liability, asserting that they

cannot be held liable for negligence in performance of their duties as employees of

the defendant, Solari Appraisal Services Company ("Solari Co."). Upon review of

the motion, opposition, and the applicable law, the motion for summary judgment

will be denied.

---

     1 Mr. Solari is alternatively referred to as "Lewis" and "Louis" in various
pleadings.

The plaintiffs purchased a store known as "DJ's Variety" from Mark G. Sullivan and Carol A. Sullivan.[2] During the course of the plaintiffs' purchase of the store, Solari Co. was retained to perform an appraisal of the store. Defendants' Statement of Material Fact (DSMF) ¶ 4; Plaintiffs' Opposing Statement of Material Fact (POSMF) ¶ 4. Solari and Pendexter are both employees of Solari Co. DSMF ¶¶ 6, 7; POSMF ¶¶ 6, 7. At least a question of fact exists as to whether both Solari and Pendexter were involved in the performance of the appraisal. See POSMF ¶ 9; Pendexter Dep. pp. 65-68; Solari Dep. pp. 58-59. The plaintiffs filed the underlying complaint based on their assertion that the appraisal was defective, and asserted the following claims against Pendexter, Solari, and Solari Co.: professional negligence (Count I); intentional misrepresentation (Count II); negligent misrepresentation (Count III); violations of the Unfair Trade Practices Act (Count IV); and negligent infliction of emotional distress (Count V).

The defendants contend that the individuals Pendexter and Solari should not be defendants in this case because (1) Pendexter's allegedly culpable conduct fell within the scope of his authority as an employee of Solari Co., and therefore he cannot be held personally liable; and (2) the plaintiffs have offered no reason why they should be entitled to pierce the corporate veil and reach Solari, Solari Co.'s sole shareholder, personally. Because the court has found that a material issue of fact

---

2 Although the Sullivans were originally defendants in this cause of action, the parties submitted a stipulated dismissal of the Sullivans on February 28, 2002.

exists as to whether Solari was involved in the performance of the appraisal, the second argument, as to piercing the corporate veil, is not reached. The court will examine whether the claims against Pendexter and Solari withstand this motion for summary judgment under the defendants' first argument.

## DISCUSSION

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972, 974.

I.   Alleged Tortious Conduct

Under Maine agency law, "an agent with discretion to control his or her own actions remains liable for injuries proximately resulting from those actions." In re All Maine Asbestos Litigation, 575 F.Supp. 1375, 1379 (D. Me. 1983); see also Brooks v. Jacobs, 31 A.2d 414 (Me. 1943) (adopting a previous Am.Jur. section providing, as 3 Am.Jur.2d Agency § 309 does, that an agent is liable for his tortious conduct based on his common law obligations to third persons); Hewett v. Kennebec Valley Mental Health Association, 557 A.2d 622 (Me. 1989) (third person sued psychologist and psychologist's employer for alleged negligence in diagnosing; court impliedly upheld claim against psychologist by determining the statute of limitations applicable to the negligence claim asserted against the psychologist). This

3

conclusion is reasonable in context because, for instance, even public employees remain liable for their tortious conduct unless they can point to a specific immunity provision. See Danforth v. Gottardi, 667 A.2d 847, 848 (Me. 1995) ("Gottardi, as an employee of the Sheriff's Department, can be subjected to liability unless a specific provision of the Maine Tort Claims Act applies to provide immunity").

Solari and Pendexter have not established that they had no control over the actions that form the basis of the plaintiffs' claims. Solari and Pendexter rely on 3 Am. Jur. 2d *Agency* § 302 for the proposition that an agent is not liable for lawful acts done within the scope of his authority; however this provision deals with an agent's liability on a contract made for a disclosed principal. The defendants' status as employees of Solari Co. is not dispositive of the issue of their liability on the alleged tortious conduct in Counts I-III, and V.

II.   Unfair Trade Practices Act

The court is unable to locate, and the defendants have failed to bring to the court's attention, any provision of the Unfair Trade Practice Act that would preclude a claim against employees for their "unfair or deceptive acts or practices in the conduct of any trade or commerce." 5 M.R.S.A. § 207. Accordingly, the defendants, Solari and Pendexter, have not established that they are entitled to judgment as a matter of law on Count IV.

4

The entry is

Defendants' motion for summary judgment as to the personal liability of Pendexter and Solari is DENIED.

Dated at Portland, Maine this 12th day of April 2002.

Robert E. Crowley
Justice, Superior Court

Date Filed __02-02-01__     __Cumberland__     Docket No. __CV-01-55__
                        County                  cons. w/RE-01-19

Action __Damages__

Dale A. Bois, Roland P. Bois
and DRSB, Inc. d/b/a
DJ's Variety

Vinal H. Pendexter, Lewis F. Solari,
Solari Appraisal Services Company
Maine Bank & Trust Company, ~~Mark G.
Sullivan, and Carol A. Sullivan~~ dismissed
3-15-02

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jeffrey T. Edwards, Esq.<br>P.O. Box 9546<br>Portland, Maine 04112 | Daniel Warren Esq. (Pendexter, Solari &<br>243 U.S. Route One, Solari Appraisal)<br>Scarborough, ME 04074<br>~~Daniel Felkel, Esq. (Mark & Carol Sulliv~~<br>~~P.O. Box 9711~~<br>~~Portland, ME 04104-5011~~<br><br>John Ciraldo, Esq. (Maine Bank) 774-2635<br>P.O. Box 426<br>Portland, ME 04112-0426 |