STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 03-192

ELDREDGE LUMBER &
HARDWARE INC.,

Plaintiff

v.

HELEN ROLLINS LORD,

Defendant

DONALD L. GARRECHT
LAW LIBRARY

JAN 8 2004

ORDER

Before this court is Defendant, Helen Rollins Lord's Motion to Amend Answer to Add Counterclaim.

## FACTS

On or about July 1, 2003, Plaintiff, Eldredge Lumber & Hardware, Inc. filed a Complaint against Defendant, Helen Rollins Lord in the District Court Division of Southern York. The Complaint contained various Counts. First, Count I of the Complaint alleged breach of contract and violation of prompt payment schedule. Next, Count II alleged that the goods were sold and delivered to Defendant. Count III alleged a claim for unjust enrichment against the Defendant and Count IV alleged a claim for quantum meruit. In response, Plaintiff removed the case to the Superior Court, requested a jury and objected to Defendant's Motion for Attachment and Trustee Process. In addition, Defendant filed a Third-Party Complaint against contractor Rex Lambert.

Following this, on September 24, 2003, Defendant made a motion requesting leave to amend her answer to add a counterclaim alleging counts for negligence and unfair trade practices against Plaintiff. Plaintiff opposes Defendant's Motion to Amend.

## DISCUSSION

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." M. R. Civ. P. 15(a). "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id. A court, however, should deny a motion for leave to amend when the proposed amended Complaint would not survive a Motion to Dismiss or would otherwise be futile. See Glynn v. City of South Portland, 640 A.2d 1065, 1067 (Me. 1994). When reviewing the Plaintiff's motion to dismiss, this court will look at the facts in the counterclaim in the light most favorable to the Defendant, taking the material allegations as admitted. See In re Wage Payment Litigation, 2000 ME 162, ¶ 3, 759 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond a doubt that the Defendant is entitled to no relief under the facts that might be proved in support of the claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996).

Plaintiff contends that Defendant's negligent misrepresentation counterclaim should be dismissed because the economic loss doctrine bars this Count. The Law Court has held that the doctrine prevents recovery in tort for an economic loss, "defined as damages for inadequate value, costs of repair and replacement of defective product or consequent loss of profits – without any claim of personal injury or damage to other property." Oceanside at Pine Point v. Peachtree Doors, 659 A.2d 267, 270 (Me. 1995). Courts, however, have differed on the question whether the economic loss doctrine bars claims for negligent misrepresentation. This court notes that the Law Court has not specifically addressed this issue. A Maine Court, however, has held that "where the

conduct of one party would constitute a tort in the absence of the contract, then that cause of action is not extinguished simply because some aspects of the relationship . . . happen also to be governed by an independent agreement." Pendleton Yacht Yard, Inc. v. Smith, CV-01-047 (Me. Super. Ct., Waldo Cty.) (Marden, J.). Another Maine Court has also found that liability in tort may coexist with liability in contract, but only where duty existing independent of the contract has been violated. See Dermalogix Partners, Inc. v. Corwood Labs, Inc., 2000 U.S. Dist. LEXIS 8009 (D. Me. Mar. 14, 2000); see also Nota Constr. Corp. v. Keyes Assocs., Inc., 45 Mass. App. Ct. 15, 694 N.E.2d 401, 405 (Mass. App. 1998) (exception to economic loss doctrine permits recovery for loss resulting from negligent misrepresentation) Moreover, the Law Court has held that negligent misrepresentation is defined as:

> [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Dale Chapman, et al. v. Arthur Rideout, 568 A.2d 829, 830 (Me. 1990) (citation omitted).

In the case at bar, Defendant asserts that in the course of Plaintiff's business, it "falsely and recklessly represented to her that she could trust Rex Lambert, and that he could be relied upon to pay his subcontractors and suppliers, including Eldredge." (Defendant's Amended Answer and Counterclaim at 5.) Defendant further contends that she relied on "Plaintiff's representations [and] paid Rex Lambert for the materials and goods charged at Eldredge's business." Id. In addition, Defendant asserts that "Plaintiff owed a duty to Defendant to exercise reasonable care and competence in obtaining and communicating information to her for the purpose of offering guidance in her business transactions." Since, it is necessary for Defendant's amended claim to be

able to survive a Motion to Dismiss, this court will view the facts in the counterclaim in a light most favorable to the Defendant. Consequently, this court finds that the Plaintiff's negligent misrepresentation claim exists independent of the contract.

Next, Defendant contends that the Plaintiff engaged in unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of the Unfair Trade Practices Act, 5 M.R.S.A. § 207. Specifically, Defendant argues the same factual allegations as cited in the above negligent misrepresentation claim. Section 207 provides that unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful. 5 M.R.S.A. § 207. "A practice is deceptive if it has the tendency or capacity to deceive consumers acting reasonably under the circumstances about a material fact." State v. Nelson, CV-99-131 (Me. Super. Ct., Kennebec Cty.) (Marden, J.).

In the case at bar, Plaintiff has engaged in trade and commerce by promoting and offering products and services as a hardware store. Additionally, it is alleged that Plaintiff deceived Defendant by falsely and recklessly representing to her that Rex Lambert could be relied upon to pay to Plaintiff. The Defendant alleges, however, that she paid Rex Lambert, but he failed to pay the Plaintiff. Accordingly, viewing the facts favorably to the Defendant, this court finds that the Defendant should be allowed to amend her Complaint.

WHEREFORE, this court **GRANTS** Defendant's Motion to Amend Answer to Add Counterclaim.

Dated: December 9, 2003

Michael R. Bosse, Esq. - PL
Edward S. MacColl, Esq. - DEF
Kevin Grimes, Esq. - T/P DEF.

G. Arthur Brennan
Justice, Superior Court

4