ENTERED AUG 0 6 2014

STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         CIVIL ACTION
                                                  DOCKET NO. CV-12-175
                                                  JON-YOR-07-09-14

JEANNETTE M. ROSS,              )
                                )
        Plaintiff,              )
                                )
        v.                      )                 ORDER ON PLAINTIFF'S
                                )                 MOTION TO AMEND
CHRISTOPHER J. PONTE, et al.,   )
                                )
        Defendants.             )

Plaintiff moves the court to amend its complaint in order to add a claim pursuant to the Unfair Trade Practices Act and comply with the Settlement Offer requirements as laid out in 5 M.R.S. § 213(1-A). Defendant opposes Plaintiff's Motion to Amend arguing that Plaintiff's Motion is untimely and that Plaintiff's requested amendment has no legal merit.

Plaintiff moves to amend the complaint to add a UTPA claim based upon conversations that occurred between Defendant Gannon and Defendants Mr. and Mrs. Ponte. Plaintiff's proposed amendment asserts that after signing the agreement, the Pontes realized that their listing agreement with Defendant Woodman inaccurately stated that the house's foundation was a concrete slab and asked Defendant Woodman on at least two occasions to correct the listing. Plaintiff contends that Defendant at first did not correct the error, and then refused to do so. Plaintiff contends that she was not aware of the conversations prior to filing this action and therefore could not have included this count with the original complaint. Furthermore, Plaintiff contends that Defendant will not be prejudiced by any need for further discovery based solely on this amendment.

Defendant argues that even if Plaintiff had been unaware of these conversations at the time the Complaint was filed, Plaintiff was put on notice of the conversations in

1

Defendants Pontes' Crossclaim against Defendants Coldwell and Ms. Gannon filed on Sept. 4, 2012 and then confirmed in Ms. Gannon's deposition on July 26, 2013. Defendant argues that the Motion to Amend is untimely because there is no explanation as to why Plaintiff waited until April 9, 2014 to file. Furthermore, Defendant argues that the amendment requested does not have legal merit and therefore should not be allowed. Defendant argues that Plaintiff's counts VI, VII, and VIII allege similar claims, and that any damage sustained by Plaintiff was due to reliance upon an alleged misrepresentation of a concrete slab, not by a conversation she was not a party to.

The court will allow amendment of pleadings "when justice so requires." Me. R. Civ. P. 15. Where a proposed amendment would not survive a motion to dismiss, the court may deny the motion to amend. Glynn v. City of S. Portland, 640 A.2d 1065, 1067 (Me. 1994). Plaintiff's proposed amendment is a UTPA claim. The UTPA protects consumers from unfair and deceptive practices in trade and commerce. 5 M.R.S. § 207 (2013) "To justify a finding of unfairness, the act or practice: (1) must cause, or be likely to cause, substantial injury to consumers; (2) that is not reasonably avoidable by consumers; and (3) that is not outweighed by any countervailing benefits to consumers or competition." State v. Weinschenk, 2005 ME 28, ¶ 16, 868 A.2d 200, 206.

In the current case, Plaintiff did not file to amend the pleading for over seven months after having confirmation that the conversation in question occurred. Plaintiff has not informed the court of any reason for the delay. Plaintiff's proposed amendment is a UTPA claim brought against Defendant Woodman for allegedly failing to correct the listing to reflect that there was no concrete slab foundation pursuant to conversations with Defendants Ponte. Plaintiff has already asserted UTPA claims based upon her alleged reliance on misrepresentations of a concrete slab foundation. All ten of Plaintiff's claims seek damages for the alleged misrepresentation of the concrete slab.

2

While Plaintiff's amendment alleges a set of facts by which Plaintiff may impute knowledge that there was no concrete slab upon Defendant Woodman, there is no new duty or harm alleged, merely new facts that fill in claims already asserted. Finally, even though there may not be any additional discovery required, there may be prejudice to Defendant by having to answer the amended complaint and defend against the new count.

The court Denies Plaintiff's Motion to Amend.

DATE: 7/9/14

_____
John O'Neil, Jr.
Justice, Superior Court

3

ATTORNEY FOR PLAINTIFF:
ARTHUR DUMAS
51 COTTAGE STREET
SANFORD ME  04073


ATTORNEY FOR DEFENDANTS CHRISTOPHER J & REBECCA R PONTE:
ROBERT NADEAU
NADEAU LEGAL PLLC
311 ALFRED STREET
BIDDEFORD ME  04005-3127


ATTORNEY FOR DEFENDANTS KATHLEEN GANNON, NRT NEW ENGLAND
LLC AND COLLEEN M WOODMAN:
ROY PIERCE
PRETI FLAHERTY BELIVEAU PACHIOS LLP
PO BOX 9546
PORTLAND ME  04112

STATE OF MAINE                                  SUPERIOR COURT
YORK, SS.                                       CIVIL ACTION
                                                DOCKET NO. CV-12-175,
                                                JON-YOR - 10/10/2013

JEANNETTE M. ROSS,              )
                               )
              Plaintiff,        )
                               )
       v.                       )              ORDER
                               )
CHRISTOPHER J. PONTE, et al.,   )
                               )
              Defendants.       )


Before the Court is Defendant Roberts' Motion for Summary Judgment and Plaintiff

Ross' Motion to Amend Compliant.

    I.      Background

Plaintiff brought a ten count complaint against seven defendants for damages sustained as

a result of purchasing a property that Plaintiff alleges has numerous defects that

Defendants were aware of or should have been aware of and failed to disclose prior to

Plaintiff's purchase. Plaintiff alleges that she relied on the misrepresentations of the

sellers, the real estate brokers, and the home inspectors in purchasing a home that had

significant deficiencies. Defendant Roberts', sole owner of Southern Maine Home

Inspections, LLC, moves the court for Summary Judgment. Plaintiff moves the court to

allow amendment of the complaint in order to pierce the corporate veil and allege fraud

against Defendant Roberts.

    II.     Standard of Review for Summary Judgment

        When a defendant moves for summary judgment, "the plaintiff must establish a

prima facie case for each element of [the] cause of action that is properly challenged in

1

the defendant's motion." Flaherty v. Muther, 2011 ME 32, ¶ 38, 171 A.3d 640. The burden then shifts to the defendant to show that there is no genuine issue of material fact. Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 989 A. 2d 733, 738 (Me. 2010); Dyer v. Department of Transportation, 951 A.2d 821, 825 (Me. 2008). When reviewing a motion for summary judgment, the court reviews the parties' statements of material facts and the cited record evidence in the light most favorable to the non-moving party. Id.

A genuine issue of material fact exists where the fact finder must make a determination between differing versions of the truth. Reliance National Indemnity v. Knowles Industrial Services Corp., 2005 ME 29, ¶7, 868 A.2d 220; citing Univ. of Me. Found. V. Fleet Bank of Me., 2003 ME 20, ¶20, 817 A.2d 871. Furthermore, "a fact is material if it could potentially affect the outcome of the case." Id.

III. Discussion

a. Summary Judgment – Negligent Misrepresentation

In order to survive a motion for summary judgment on a cause of action of negligent misrepresentation, a plaintiff must make a prima facie showing of the following:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Langevin v. Allstate Ins. Co., 2013 ME 55, 66 A.3d 585, 590; citing St. Louis v. Wilkinson Law Offices, P.C., 2012 ME 116, 118, 55 A.3d 443; see Chapman v. Rideout,

2

568 A.2d 829, 830 (Me.1990) (adopting the definition articulated in the Restatement (Second) of Torts § 552(1) (1977)). A review of the affidavits indicates there are material facts in dispute about whether the business card indicating the Defendant was insured was either supplied by the Defendant to the Plaintiff or whether he should have been aware it was being supplied. While it is the law that absent exceptional circumstances, an agent may not be personally responsible for negligent misrepresentations, given the court's reasoning below , there are facts in dispute regarding whether this was an innocent misstatement or otherwise. Accordingly, the Motion for Summary Judgment is denied.

b. Amendment

A party may amend a pleading once prior to the filing of a response, within 20 days of the initial filing, or "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." M.R. Civ. P. 15(a). Plaintiff would like to amend the pleadings in order to pierce the corporate veil of Southern Maine Home Inspections, LLC and allege fraud against Defendant Roberts.

> A person is liable for fraud if the person (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance on it, and (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff.

3

Grover v. Minette-Mills, Inc., 638 A.2d 712, 716 (Me. 1994). Plaintiff alleges that Defendant Roberts fraudulently misrepresented that his company was insured, for the purpose of inducing Plaintiff to hire him, that Plaintiff hired him in reliance on the company being insured and his failure to be insured is now to her detriment. Plaintiff argues that she should be able to amend the pleading and attempt to pierce the corporate veil in order to hold Defendant Roberts liable as the sole owner of Southern Maine Home Inspections, LLC, because he fraudulently misrepresented that the company was insured. Plaintiff alleges that because she only recently learned that Southern Maine Home Inspections, LLC, was not insured the court should allow amendment of the pleadings now, at the summary judgment stage, in order to assert this claim.

A review of the Plaintiff's Second Affidavit indicates that there are material facts in dispute about whether the business card in question was directly supplied to the Plaintiff by the Defendant given the Plaintiff recalls it being stapled to his report. Further, there appear to be facts alleged which concern the issue of failure to correct a misstatement of fact even if the card was not given directly to the Plaintiff from the Defendant.

Accordingly, the court grants the Plaintiff's Motion to Amend the Complaint.

IV.     Conclusion

The court DENIES Defendant Roberts' Motion for Summary Judgment and GRANTS Plaintiff's Motion to Amend.

DATE:  10/15/13                                  _____

/s/ John H. O'Neil

4

ATTORNEY FOR PLAINTIFF;
ARTHUR DUMAS
51 COTTAGE STREET
SANFORD ME  04073

ATTORNEY FOR DEFENDANTS CHRISTOPHER J & REBECCA R PONTE:
ROBERT NADEAU
NADEAU LEGAL PLLC
311 ALFRED STREET
BIDDEFORD ME  04005-3127

ATTORNEY FOR DEFENDANTS KATHLEEN GANNON, NRT NEW ENGLAND LLC &
COLLEEN M WOODMAN:
ROY PIERCE
PRETI FLAHERTY BELIVEAU PACHIOS LLP
PO BOX 9546
PORTLAND ME  04112

ATTORNEY FOR DEFENDANTS SOUTHERN MAINE HOME INSPECTIONS LLC &
WILLIAM A ROBERTS:
REID HAYTON HULL
HULL LAW OFFICE LLC
409 ALFRED STREET
BIDDEFORD ME  04005