In re Gordon Glazebrook
MILLER, Debtor.

Gary L. TOOTHMAN & Lisa
L. Toothman, Plaintiffs,

v.

Gordon Glazebrook MILLER,
Defendant.

Bankruptcy No. 91–30753–T.
Adv. No. 91–3057–T.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Dec. 31, 1991.

Charles L. Williams, Thompson & McMullan, Richmond, Va., for plaintiffs.

Leonard E. Starr, III, Sandston, Va., for debtor/defendant.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This cause came before the court on plaintiffs' motion for default judgment. For the reasons stated below the plaintiffs' motion will be granted except as to their request for punitive damages.

#### Findings of Fact

This adversary proceeding arose from an alleged scheme on the part of the debtor in which he sold "exclusive" sales and distribution rights for a product known as "Chem Clean" to more than one person in the same territory.

The plaintiffs Gary and Lisa Toothman allege that the debtor, falsely purporting to be the Vice President of a company known as Atlantic Marketing, Inc., contracted to

grant them exclusive rights to distribute "Chem Clean" in Virginia, West Virginia, Pennsylvania, Indiana, Maryland, Delaware and the District of Columbia ("the territory"). The contract included a provision whereby the defendant was to supply plaintiffs with customer lists and other marketing information for their territory. The Toothmans contend that the debtor breached their contract by (1) failing to provide plaintiffs with customer lists for their territory; and (2) by selling the "Chem Clean" product to third parties residing in and/or doing business in the exclusive territory.

The plaintiffs assert that the debtor's actions violated Virginia's Business Opportunity Sales Act, Va.Code §§ 59.1–262, *et seq.* (Michie 1987), or, in the alternative, the Virginia Consumer Protection Act, Va.Code §§ 59.1–196, *et seq.* (Michie 1987).[1]

Accordingly, they claim that as a result of the defendant's willful and malicious actions he is indebted to them in the amount of $95,671.32 for compensatory damages, plus interest at the legal rate on the sum of $39,000.00 (the amount paid to debtor for the distributorship) from November 17, 1989 until paid, attorney's fees to date in the amount of $23,630.00 and costs in the amount of $4,747.43. Additionally, plaintiffs believe they are entitled to an award of punitive damages in the amount of $191,342.64.

On June 3, 1991, the Toothmans filed a complaint seeking judgment for the above amounts as well as a determination that the debtor's indebtedness to them is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6).[2] Debtor has not filed an answer nor has he appeared at any time in this proceeding. Consequently, plaintiffs moved for entry of default pursuant to Bankruptcy Rule 7055 and default was entered by the clerk on July 22, 1991. Plaintiffs then filed the present motion for default judgment.

*Conclusions Of Law*

Bankruptcy Rule 7055 makes Rule 55 of the Federal Rules of Civil Procedure applicable in adversary proceedings under the Bankruptcy Code. Rule 55 governs default and states in relevant part:

**(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

**(b) Judgment.** Judgment by default may be entered as follows:

.     .     .     .     .

(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; .... If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right to trial by jury to the parties when and as required by any statute of the United States.

When a defendant in an adversary proceeding defaults the court may, upon proper motion, take each of the plaintiff's allegations as true and grant default judgment. In the alternative, the court may conduct further proceedings where necessary to enter judgment or to carry it into effect. Since the debtor has not appeared at any time in this proceeding nor has he contested the plaintiffs' allegations in any way, and since the plaintiffs have submitted several supporting documents including the contract itself as exhibits to their affidavit in support of default, the court will consider each of the plaintiffs'

---

1. While none of the plaintiffs' specific allegations can be found in their complaint, each appears in either the motion for default judgment or the affidavit filed in support of the motion.

2. In their complaint, plaintiffs requested a judgment in the amount of $250,000.00. However, the motion for default judgment seeks the amounts set out in the text.

factual averments to be admitted as true for the purpose of this proceeding.

■ The Toothmans contend that debtor's actions violated the Business Opportunity Act, Va.Code §§ 59.1–262, *et seq.*, or, in the alternative, the Virginia Consumer Protection Act, Va.Code §§ 59.1–196, *et seq.* Taking the factual allegations as true, the court agrees that the Business Opportunity Act has been violated.[3]

The Business Opportunity Act defines "business opportunity" as:

the sale of any products, equipment, supplies or services which are sold to the purchaser upon payment of an initial required consideration exceeding $500 for the purpose of enabling such purchaser to start a business, and in which the seller:

. . . . .

4. Represents that the seller will provide a sales program or marketing program which will enable the purchaser to derive income from the business opportunity which exceeds the price paid for the business opportunity.

Va.Code § 59.1–263

Furthermore, the act requires the seller to provide a written disclosure statement, the contents of which are set out in detail at Va.Code § 59.1–264, to the buyer prior to the time of sale. More importantly, § 59.1–268 states as follows:

**Purchaser's remedies.**—If a business opportunity seller (i) uses any untrue or misleading statements in the sale of a business opportunity, (ii) fails to give the proper disclosures in the manner required by § 59.1–264, or (iii) fails to deliver the equipment, supplies, product or products necessary to begin substantial operation of the business opportunity contract, . . . then, within one year of the date of the contract, upon written notice to seller, the purchaser may void the contract and shall be entitled to receive from the business opportunity seller all sums paid to the business opportunity seller. . . . No purchaser shall be enti-

tled to any unjust enrichment by exercise of the remedies provided in this subsection.

Any purchaser injured by (i) a violation of this chapter, (ii) the business opportunity seller's breach of a contract subject to this chapter, or (iii) by any obligation arising therefrom may bring a civil action for recovery of damages, including reasonable attorney's fees.

. . . . .

The remedies provided herein shall be in addition to any other remedies provided for by law or in equity.

Va.Code § 59.1–268 (Michie 1987).

The contract between the plaintiffs and the debtor qualifies as a "business opportunity" under the above definition. The debtor violated the Business Opportunity Act by failing to provide the required disclosure statement and by using untrue and misleading statements in selling the business opportunity. Therefore, the plaintiffs are entitled to default judgment for return of the purchase price, compensatory damages, costs, and attorney's fees.

■ Additionally, the plaintiffs have requested that the court award punitive damages, assumedly based upon the allegations, made within the motion for default, that the debtor acted willfully and maliciously in misleading the plaintiffs. However, this court prefers not to accept mere allegations as to the defendant's state of mind, in the absence of additional evidence, as justification for the award of punitive damages. Virginia courts require proof of "an independent, wilful tort beyond the mere breach of duty imposed by contract, as a predicate for an award of punitive damages, regardless of the motives underlying the breach." *Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983). In applying Virginia law, this court shall require the same. Should the plaintiffs wish to put on additional evidence to establish a basis for recovery of punitive damages, they may request further hearing. However, at this time, the court will

---

**3.** Because the court finds the debtor has violated the Business Opportunity Act, the alternative claim for violation of the Virginia Consumer Protection Act need not be discussed.

grant the plaintiffs' motion for default judgment but will limit the judgment to repayment of purchase price, compensatory damages, costs, and attorney's fees.

A separate order will be entered.