In re Ronald G. DIDLAKE, and
Deborah A. Didlake,
Debtors.

Ronald G. Didlake, and Deborah
A. Didlake, Plaintiffs

v.

Wachovia Bank, N.A., a.k.a. Wells
Fargo & Company,
Defendant.

Bankruptcy No. 09–73166.
Adversary No. 11–07003.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

June 29, 2011.

Malissa Lambert Giles, Giles & Lambert PC, Roanoke, VA, for Plaintiffs.

Dwayne Louis Garrett, Law Offices of Dwayne L. Garrett, P.C., Annapolis, MD, for Defendant.

### ORDER

ROSS W. KRUMM, Bankruptcy Judge.

On January 24, 2011, the Plaintiffs commenced the above-captioned adversary proceeding pursuant to 11 U.S.C. § 506(a) seeking to determine the value of the Defendant's secured interest in property owned by the Plaintiffs. A hearing was held on March 30, 2011 to consider the Plaintiffs' complaint.

On January 25, 2011, the Court issued a Summons and Notice of Pre–Trial Conference. On March 9, 2011, the Plaintiffs filed a certificate of service stating that on February 4, 2011, the Plaintiffs served a copy of the Summons and Notice of Pre–Trial Conference on all the Defendant. The service on the Defendant was in full compliance with Federal Rule of Bankruptcy Procedure 7004(h). The Summons and Notice of Pre–Trial Conference provided the Defendant with thirty days to respond to the allegations contained in the Plaintiffs' complaint. The Summons and Notice of Pre–Trial Conference also stated that if the Defendant failed to timely respond a judgment by default may be entered against it. The Defendant failed to respond. Accordingly, the Court finds that the Defendant is in default. However, *Trustees of Nat. Automatic Sprinkler Industry Welfare Fund, et al. v. Advanced Safety, Inc., et al.*, 2011 WL 1557918, *2 (D.Md. Apr. 21, 2011) (citing *Dow v. Jones*, 232 F.Supp.2d. 491, 494 (D.Md.2002)) holds that "[a] defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *In re Miller*, 145 B.R. 845, 847 (Bankr.E.D.Va. 1991) holds that "[w]hen a defendant in an adversary proceeding defaults the court may, upon proper motion, take each of the plaintiff's allegations as true and grant default judgment. In the alternative, the court may conduct further proceedings where necessary to enter judgment or to carry it into effect." In this case, the Court ordered the Plaintiffs to submit a memorandum in support of the legal positions contained in their complaint. The Plaintiffs have submitted said memorandum and the matter is now ripe for decision. Accordingly, the Court makes the following findings of fact and conclusions of law.

### Facts

The Plaintiffs filed their Chapter 13 petition on December 15, 2009. At the time of the filing the Plaintiffs owned real estate titled jointly and located at 3660 Bonbrook Mill Road, Boones Mill, Virginia 24065 (hereafter the "Property"). As stated in the Plaintiffs' Schedule A, the Property is valued at $248,300.00. The Property is the Plaintiffs' primary residence.

The Property is secured by a first deed of trust held by Wells Fargo Home Mortgage, Inc. to secure a home mortgage. At

the time the petition was filed the outstanding balance on the mortgage was $234,577.47.

On October 16, 2006, the Plaintiffs and the Defendant executed a credit line deed of trust in the amount of $39,000.00 (hereafter the "Credit Line Deed of Trust").[1] The Credit Line Deed of Trust is secured by the Property. The Credit Line Deed of Trust is junior in priority to the first deed of trust held by Wells Fargo Home Mortgage.

On November 9, 2009, having sued on the note secured by the Credit Line Deed of Trust, the Defendant was awarded a judgment from the Franklin County Circuit Court (hereafter the "Judgment Lien"). The Judgment Lien was in the amount of $39,425.63 and provided for costs of $108.00, attorney's fees of $5,913.84, and a judgment interest rate in the amount of 18% per annum from April 10, 2009. The Defendant properly recorded the Judgment Lien in the clerk's office of the county in which the Property is located. Thereupon, the Judgment Lien attached to the Property.[2]

On December 14, 2010, the Plaintiffs filed their Amended Chapter 13 Plan (hereafter the "Plan"). The Plan seeks to "cram down" the Defendant's Credit Line Deed of Trust and Judgment Lien under 11 U.S.C. § 1322(b).

## Discussion

### A. Defendant's Credit Line Deed of Trust Note Remains Secured by the Property

As a preliminary matter the Court finds that notwithstanding the Judgment Lien, the Defendant's Credit Line Deed of Trust Note remains secured by the Property. *In re Duback,* 330 B.R. 337 (Bankr.D.R.I.2005) addressed a situation in which a mortgage holder sued on his note and obtained a judgment and judicial lien against the property secured by its mortgage. *Duback* held that "[b]arring statutory provisions to the contrary, '[t]he general rule is that a mortgagee who has obtained a judgment on the mortgage note does not forgo his rights under the mortgage until the debt is satisfied.' " *Id.* at 339 (citing *Bache–Wiig v. Fournier (In re Bache–Wiig),* 299 B.R. 245, 249 (Bankr. D.Me.2003)). In Virginia, a mortgage remains valid and enforceable until the debt is satisfied or the mortgage is released. *Stimpson v. Bishop,* 82 Va. 190, 1886 WL 2987, at *5 (1886) (citing 2 Jones on Mortgages, sec. 924 for the position that "nothing short of *actual payment of the debt* or an express release—will operate to discharge [a] mortgage."). *See also, Thompson v. Miller,* 195 Va. 513, 517, 79 S.E.2d 643, 645 (1954) and *C.B. Van Nostrand & Co. v. Virginia Zinc & Chemical Corp.,* 126 Va. 131, 101 S.E. 65, 67 (1919). Therefore, the Court finds that pursuant to *Duback* and controlling Virginia precedent the Defendant's Credit Line Deed of Trust note remains secured by the Property.[3]

---

1. The value of the Credit Line Deed of Trust was not stated in the Plaintiffs' complaint. The Court obtained the value by examining the exhibits attached to the Defendant's Claim No. 21 filed in the Plaintiffs' main bankruptcy case. The exhibits included a copy of the Credit Line Deed of Trust. The Credit Line Deed of Trust states that the amount borrowed was $39,000.00. The Court will use this value as it constitutes the best evidence before the Court concerning the value of the Credit Line Deed of Trust.

2. Va.Code Ann. § 8.01–458.

3. The Court notes that under Va.Code Ann. § 55–58.2 a credit lien deed of trust is a general term used to describe a variety of instrument, including a mortgage. Thus, the findings in *Duback* and the various cited Virginia precedents are applicable to this case.

### B. Plaintiffs May Not "Cram Down" Defendant's Credit Line Deed of Trust

■ 11 U.S.C. § 1322(b)(2) permits a debtor to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence...." 11 U.S.C. § 1322(b)(2) (West, 2011).

The Plaintiffs assert that they may cram down the Defendant's Credit Line Deed of Trust because in addition to securing the Plaintiffs' residence, the Credit Line Deed of Trust also includes an assignment of rents. The Plaintiffs contend that because the Credit Line Deed of Trust includes an assignment of rents in addition to the actual residence the Credit Line Deed of Trust is not secured solely by the Plaintiffs' principal residence and thus, the anti-modification provision of § 1322(b)(2) does not apply.

The question before the Court is whether rent constitutes a part of a debtor's principal place of residence. For the following reasons the Court answers that question in the affirmative. In relevant part, 11 U.S.C. § 101(13A) defines "debtor's principal residence" as "a residential structure if used as the principal residence by the debtor including incidental property, without regard to whether that structure is attached to real property...." 11 U.S.C. § 101(27B) defines "incidental property," in relevant part, as "all easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights escrow funds, or insurance proceeds...." The

4. $273,577.45 = $234,577.45 + $39,000.00.

5. $25,277.45 = $273,577.45-$248,300.00.

6. 11 U.S.C. § 506(a)(1) defines "secured claim" as

Court finds that under §§ 101(13A) and 101(27B) the definition of "debtor's principal residence" includes rents. Thus, the fact that the Credit Line Deed of Trust lists rents as an item of collateral does not add any additional collateral to the Defendant's security interest beyond those items already identified by the Bankruptcy Code as constituting a debtor's principal place of residence. Since the Plaintiffs have not asserted any other potential collateral, aside from the rents, that the Credit Line Deed of Trust may secure the Court finds that the Defendant's Credit Line Deed of Trust is secured only by the Plaintiffs' principal place of residence. Since the Credit Line Deed of Trust is secured only by the Plaintiffs' principal place of residence, § 1322(b)(2) prohibits the Plaintiffs from modifying the Defendant's Credit Line Deed of Trust.

### C. Defendant's Judgment Lien is Wholly Unsecured

■ In light of the Court's findings regarding the status of the Credit Line Deed of Trust, the Court finds that the combined value of Wells Fargo Home Mortgage Inc.'s deed of trust and the Defendant's Credit Line Deed of Trust is $273,577.45.[4] This aggregate value exceeds the value of the Property by $25,277.45.[5] Since the Judgment Lien is junior in priority to the first deed of trust and the Credit Line Deed of Trust, the Court finds that there exists no equity in the Property to which the Judgment Lien could attach. Therefore, the Court finds that the Defendant's Judgment Lien is wholly unsecured as defined by 11 U.S.C. § 506(a).[6]

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such prop-

*Conclusion*

The Court finds that the Defendant's Credit Line Deed of Trust is secured solely by the Plaintiffs' principal place of residence and therefore, may not be modified by the Plaintiffs' Chapter 13 Plan. The Court further finds that the Defendant's Judgment Lien is wholly unsecured. Accordingly, it is

**ORDERED**

That judgment lien held by Wachovia Bank N.A., now known as Wells Fargo & Company, to enforce the judgment awarded to it by the Franklin County Circuit Court is hereby declared unsecured.

Copies of this Order are directed to be sent to counsel for the Plaintiffs, Malissa L. Giles, Esquire, to counsel for the Defendant, Dwayne Louis Garrett, Esquire, 2525 Riva Road, Suite 137, Annapolis, MD 21401, and to the Defendant, Wachovia Bank N.A., now known as Wells Fargo & Co., c/o John Stumpf, CEO, 420 Montgomery Street, San Francisco, CA 94163.

erty, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a)(1) (West, 2011).